JUDGE HARDIN
delivered tub opinion of tiie court:
It. is true, as insisted for the appellants, that to authorize the chancellor to annul or modify the terms of a conveyance or other written instrument, on the ground of mistake as to its contents or legal effect when executed, such mistake must be clearly established, and must not be a mere inference from the weight of evidence. But we think it is satisfactorily showm by the testimony of McAtee, the draftsman, and Mrs. Richie, the female grant- or in the deed to Hagan, that the makers of the deed did not intend to so convey the title as in any contingency to exclude their daughter or vest the title in part of her children to the exclusion of the rest. Whether it was intended to vest a particular estate in Hagan or not, the deed furnishes intrinsic evidence that the controlling in *317 tention of "William Reed, in making it, was to provide for his daughter and her children, charging her with such provision as an advancement out of his estate.
The decree of the circuit court simply gives effect to this intention, and is not only sustained by the direct evidence, but is in accordance with those reasons and motives, which may be supposed to have influenced the grantors in making a conveyance, in consideration of affection for their daughter, and their natural obligations to her and her offspring.
Wherefore, the judgment is affirmed.
Note. — The foregoing was not marked for publication until the decision was rendered in case of Speak, &c., vs. Mattingly, &c., which see on page 310.