Carpenter, &c. v. Carpenter.

CASE 50—PETITION EQUITY—OCTOBER 12.

8bu 283
133   767

# Carpenter, &c. v. Carpenter.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. A VERBAL AGREEMENT AT THE TIME OF THE EXECUTION OF THE DEED, that the grantor was to hold possession of the land during his life, may be enforced in equity.

2. Possession of the grantor after making a conveyance, with a verbal agreement that he was to hold possession of the land during his life, was not adverse to the grantee.

3. By the deed and agreement the grantor is estopped from setting up an adversary title.

4. LIMITATION WILL NOT RUN IN FAVOR OF A GRANTOR REMAINING IN POSSESSION under a verbal agreement after he has executed a deed for the same land with warranty of title. His possession is not adverse.

5. INCAPACITY TO MAKE A DEED RESULTING FROM EPILEPTIC FITS BEING TEMPORARY.—In such a case, as to capacity or incapacity to make a deed, the issue is, was the grantor at the time he executed the deed, or at the time he acknowledged it before the clerk, of sound mind, and with capacity to understand and comprehend what he was doing when he executed the deed or acknowledged it. Erroneous instructions given by the circuit court on both sides on this issue are quoted and criticised in the opinion in this case.

6. WHERE INSANITY IS CLEARLY ESTABLISHED, and a party adjudged to be a lunatic, or his incapacity arises from mania, the presumption of law is that this condition of mind continues, and the party relying on the validity of a writing executed by another whose insanity is established prior to its execution must show that it was executed during a lucid interval, or that the insanity had ceased to exist.

7. *The presumption of incapacity does not apply* to a case like this, where the paroxysms or fits were periodical and the grantor generally recovered from them in a few days.

8. *Where the diseased condition of the mind is temporary,* continued insanity or want of capacity is never presumed. (Redfield on Wills, 92.)

9. DECLARATIONS MADE BY THE GRANTOR REMAINING IN POSSESSION after he had executed the deed, in relation to the manner of his holding and the character of his title, are incompetent as evidence against the grantee unless such declarations were made in the presence of the grantee.

Carpenter, &c. v. Carpenter.

JOHNSON & BROWN, .
APPERSON & REID, .
NESBITT & GUDGELL,        . . . . . .   For Appellants,
B. D. LACEY, . . . .

CITED

6 Bosw. 363, Cume v. Cowles.              Myers's Code, p. 371.
1 Litt. 177, Wood v. Waters.              2 B. Monroe, 284.
1 Litt. 63, Thomas v. Thomas.             Civil Code, sec. 126.
Waterman on Set-off, &c., 478.            6 Mumford, 358.
Herman on Estoppel, 296–302.              13 Johnson, 430.
6 B. Mon. 658, Howard v. Coke.            6 Ohio State Rep. 207.
1 Pothier on Obligations, part 1, article 3, section 4.
9 Bro. Chancery Rep. 175, Heathcote v. Poignon.
2 Peere Williams, 203, Clarkson v. Hanway.
5 Dana, 182, Cruise v Christopher's administrator.
7 B. Monroe, 195, James, &c. v. Langdon.
9 Cushing, 502, Stearns v. Henderson.
3 B. Monroe, 92, Berthelemy.v. Johnson.
1 B. Monroe, 46, Morton, &c. v. Lawson.
12 Ohio State Reports, 384, Lancaster M. Co. v. Colgate.
13 Pick. 116, Comstock v. Smith.
28 California, 180, Franklin v. Dorland.
17 New Hampshire, 538, Felton v. Emery.
11 Texas, —, Smith v. Montes.
10 B. Monroe, 205, Upshaw v. McBride.

THOMAS TURNER,
H. L. STONE, . .
N. P. REID, . .        . . . . . . . . .   For Appellee,
WM. H. HOLT, .

CITED

2 Parsons on Contract, 84, 179.           1 Marshall, 587.
1 Met. 533, Batman v. Megowan, &c.        3 Marshall, 546.
1 Bibb, 447, Jones v. Grugett.            1 Littell, 260.
5 B. Mon. 55, Clark v. Robinson.          7 Cowen, 147.
4 Met. 110, Hutchins v. Moore.            6 Texas, 83.
4 Dana, 349, Hunt v. Weir.                12 Iowa, 186.
2 Monroe & Harlan's Digest, 959.
6 Gill & Johnson, 268.       2 Marshall, 127.
2 Sandford's S. C. 132, King v. Dowdall.
Hardin's Reports, 154, Owens v. Owens.
Civil Code, sections 132, 371, 118.

4 Wash. C. C. Rep. 240, Pierpont v. Graham.
5 B. Monroe, 104, Sherley v. Taylor's heirs.
5 B. Monroe, 323, Jones's administrator v. Perkins.
1 Bibb, 586, January, &c. v. Martin.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Charles Jones in his life-time, by a deed dated the 16th of June, 1843, conveyed to the appellee, Michael Carpenter, for the alleged consideration of five hundred dollars in hand paid, a tract of one hundred acres of land, lying in the county of Bath. Jones, the grantor, died in the year 1859, leaving the appellants, Robert and Lucinda Carpenter, in possession of this land, and they refusing to surrender to appellee the possession, and asserting an interest therein as heirs of Charles Jones, the appellee instituted this action of ejectment against them for its recovery, making the deed to him by Jones, executed in 1843, the foundation of the action.

The appellants filed their answer, in which they deny that the appellee is the owner and entitled to recover, and in addition allege that the conveyance upon which his action is based is not the act and deed of Charles Jones; that at the time of its execution by him his mental faculties were so much impaired as to render him incompetent to execute such a paper; that this unfortunate condition of mind resulted from fits of epilepsy, with which he had been afflicted for many years, and that the appellee had procured the deed by fraud, etc. They also plead the statute of limitations, and allege an adverse possession for more than fifteen years prior to the institution of the action.

The case was submitted to a jury upon the issues made, and a verdict rendered for the appellee for the land in controversy. The court below overruled the motion of the appellants for a new trial, and the case is brought here by an appeal.

The answer of the appellants admits, and the proof shows, that Charles Jones signed the deed dated in 1843, and in a

few months thereafter acknowledged it before a deputy clerk of the Bath County Court, and the same was admitted to record. The draftsman of the deed states that it was the verbal agreement at the time of the execution of the deed that the grantor, Charles Jones, was to retain possession of all the land, except a small piece upon the north side of the tract, so long as he lived.

It also appears from the testimony that at the time he signed the deed, and for years before and afterward, he was subject to periodical fits of epilepsy; that a few days preceding one of these spells, as well as a few days succeeding and during the existence of the attack itself, he was incompetent to attend to the ordinary business transactions of life; that during the intervals between these attacks he was generally in a condition to transact business, and to comprehend and understand the nature of business transactions. It also appears that Jones, the grantor, retained the possession of this land, except a small portion of it on the north side of a certain branch, from the time he made the deed in 1843 until his death in 1859.

Without determining the weight of testimony in this case either on the one side or the other, we are well satisfied that the law of the case, as given to the jury both for the appellee and appellants, is radically wrong when applied to the facts proven. The court, in the second instruction given at the instance of counsel for the appellee, says to the jury that "if the grantor was not under the influence of fits or spells generally or a majority of the time, the law presumes that he was competent and of sufficient mind at the date of the deed to make the same, and the burden of proof rests upon the defendants to show that he was under the influence of fits or spells, and incompetent at the time of its execution," etc.

The instruction, No. 1, asked for by defendants was also erroneous, and the modification as made by the court equally as much so. The court in this instruction says that " unsound-

Carpenter, &c. v. Carpenter.

ness of mind once established by proof the law presumes its continuance until the contrary is proven, and to repel this presumption the plaintiff, Carpenter, must show by proof that it was made during a lucid interval; that if Charles Jones, previous to the time he made the deed to Carpenter, a greater part of the time had fits of epilepsy, that rendered him of unsound mind, and made him incapable of making a contract for the sale of his land, the deed is of no force and effect unless they believe it was made and acknowledged when he was of sound mind."                                                   ͵

By these instructions the minds of the jury were withdrawn from the issue made, viz., "the competency of the grantor at the time he made the deed or at the time he acknowledged it," and turned to the question as to whether or not he was under the influence of epileptic fits the greater part of his life. If he was so affected the greater part of his life, the burden of proof was on the appellee, and if not, the burden of proof was on the appellant.

Where insanity is clearly established, and a party adjudged to be a lunatic, or his incapacity arises from mania, the presumption of law is that this condition of mind still continues, and the party relying on the validity of a writing executed by another whose insanity is established prior to its execution must show that it was executed during a lucid interval, or that the insanity had ceased to exist.

The presumption of incapacity does not apply, however, to a case like the one under consideration. The paroxysms or fits were periodical, and the grantor generally recovered from them in a few days. One may become delirious from fever, or have *mania potu* from the use of intoxicating drinks, the deranged condition of the mind ceasing when the cause producing it is removed. In all such cases there is no presumption that the unfortunate condition of the mind continues. The rule is that "where the diseased condition of the mind is temporary,

continued insanity, or want of capacity, is never presumed."
(Redfield on Wills, 92.)    It therefore follows that the in-
struction No. 2 for the plaintiff and instruction No. 1 for
defendants, as modified by the court, or as originally asked,
should have been refused.    The issue on this branch of the
case is, was the grantor, Jones, at the time he executed this
deed in 1843, or at the time he acknowledged it before the
clerk, of sound mind, and with capacity to understand and
comprehend what he was doing when he executed that instru-
ment, or acknowledged it?

Upon this issue all the testimony admitted upon the trial
in the court below is competent, except the statements of the
grantor himself in regard to the deed made after its execution,
and his statements made in relation to the manner of his
holding and the character of his title.    All these declarations
of the grantor in a suit against him for the recovery of the
land would be incompetent, and the principle must necessarily
apply to those claiming under him.    This does not exclude,
however, the statements of the grantor, Jones, made in the
presence of the appellant.

The statute of limitations relied on by the appellants is not
available as a defense to this action.    The deed from Jones to
the appellee is exhibited, with a warranty of title for the land
in controversy, and the draftsman of the deed, who is intro-
duced as a witness for the appellants, states that at the time
of the execution of the deed it was verbally agreed between
the parties to that instrument that Jones, the grantor, was to
hold possession of nearly the entire tract of land during his
life.    Any title acquired by Jones after the execution of this
deed would inure to the benefit of his vendee, the appellee,
and the grantor is estopped, after the execution of this deed
and the agreement to hold, as he himself proves, from setting
up an adversary title.    This verbal agreement, although clearly
within the statute of frauds, as an independent contract would,

in our opinion, upon the facts proven, have been enforced by the chancellor.

It is unnecessary to decide what effect a notice to the appellee by Jones, after the execution of the deed, of his intention to abandon the contract by reason of the alleged fraud, with an offer to return the consideration, would have had upon the question of an adverse holding by the latter, as no such case is presented by the proof. Even then, however, the question would necessarily depend upon the competency of Jones to execute such a contract. There was no such adverse holding in this case as authorized an instruction upon the statute of limitation, and none should have been given. This, however, is not intended to exclude from the consideration of the jury the nature of the contract, the inadequacy of price, if any, and the retention of possession by the grantor on the question of competency upon the part of the grantee at the time he executed the deed.

The answer of the appellants in this case can not be regarded as a counter-claim. They allege that the writing under which the appellee claims to have derived title is not the act and deed of the grantor, for the reason that he had not the mental capacity to execute such an instrument, and that the same was procured by fraud. There is no claim for damages alleged by reason of any fraud, nor is there any prayer for a rescission of the contract and a cancelment of the deed. A counter-claim must contain every allegation necessary to sustain a petition founded on the same cause of action. (Johnson v. Stallard, Ms. opinion, 1858.) The answer is regarded as a special plea of *non est factum,* and no reply was necessary.

The judgment in this case is reversed, and the cause remanded with direction to the court below to award to the appellants a new trial, and for further proceedings consistent with this opinion.

Judge PETERS did not sit in this case.