*J. S. Wortham,* for appellants.

*Conklin & McBeath,* for appellee.

---

F. J. BARBEE ET AL. v. NORTHERN BANK OF KENTUCKY ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—57.]

**Suit to Reform a Deed.**

When the legal title to real estate is allowed to remain in a person for fifteen years or more, and until after he becomes insolvent, the deed ought not be reformed and it be permitted to be shown that the property really belonged to the grantee's wife, after the rights of creditors have intervened upon the faith that the land belonged to the husband. In such case the loss should be made to fall upon the one whose negligence brought about the state of affairs as they exist.

## APPEAL FROM BOURBON CIRCUIT COURT.

### June 11, 1881.

OPINION BY JUDGE HINES:

Appellants having, without question, allowed the legal title to the land to remain in F. J. Barbee for fifteen years, and until after the insolvency of Barbee, the deed ought not to be reformed. The rights of creditors have intervened upon the faith that the land belonged to F. J. Barbee, and in such case the loss should be made to fall upon the one through whose negligence this state of things came to pass. *Worley v. Tuggle,* 4 Bush (Ky.) 168; *Speak v. Mattingly,* 4 Bush (Ky.) 310; *Mattingly v. Speak,* 4 Bush (Ky.) 316. Besides these considerations, the evidence is not satisfactory that there was any agreement that the title should vest in the wife for life and remainder to the children; nor does it clearly appear that the whole of the consideration moved from the wife and children. But whether this is true or not, the conveyance ought not to be now disturbed so as to affect the creditors of F. J. Barbee.

As to the appeal of Horace Miller, we think the judgment of the court below is also correct. He holds under a deed with general warranty. There has been no eviction; he does not allege the insolvency of the warrantors, or any other fact that would authorize him to disregard the warranty and proceed before eviction. He holds all the title that Barbee and wife could convey, and as to the children, who are not parties to this appeal, it will be time enough to determine their rights when there shall be a direct proceeding to settle that question. Whatever right appellant, Miller, may have, it can not be determined in the present condition of the pleadings.

Judgment dismissing the petition of Barbee and wife, and dismissing the cross-petition of Horace Miller, is *affirmed.*

*Cunningham & Turney, for appellants.*

*Prall & Dickson, for appellees.*