CASE 84.—ACTION BY JOHN O'MEARA, JR. AGAINST THE CITY OF COVINGTON TO RECOVER FOR A PERSONAL INJURY BY REASON OF A DEFECTIVE STREET.—MAY 11, 1909.

## City Covington v. O'Meara

Appeal from Kenton Circuit Court.

M. L. HARBESON, Judge (Common Law and Equity Division).

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Continuance—Grounds—Absent Witnesses.—A desired witness who saw the accident which occurred in 1905, was out of the state when the trial took place in March, 1909, having escaped from the state reform school where he was confined, and defendant did not know his whereabouts or to what he would testify, if present, but stated that he knew of facts material to his case. Held, that the trial should not be postponed to locate and procure as a witness, a refugee from justice.

2.  Continuance—Grounds—Absent Witnesses.—The affidavit for a continuance in an action brought in 1906 and tried in 1909, for personal injuries received in 1905 because of a defect in a city street, show that the absent witness, whom defendant had just learned had moved to Ohio, would testify that plaintiff was driving recklessly when injured, but there was no showing of diligence to locate the witness earlier, and plaintiff consented that the affidavit be read as the deposition of such witness. Held, that a continuance was properly denied.

3.  Evidence—Presumptions—Sanity.—Every man is presumed sane until the contrary is shown.

4.  Witnesses—Competency—Mental Capacity.—One so insane that he does not comprehend the obligation of an oath, or that he cannot give a rational account of the matters to which he testifies is incompetent as a witness.

City of Covington v. O'Meara.

5. Witnesses—Competency—Determination—Mental Capacity.
—It is presumed that a proffered witness who appears to be
of sufficient age and mental capacity to testify is competent,
and one objecting that he has not sufficient mental capacity
to testify must show his lack of mental capacity, which may
be done either on voir dire, or by outside evidence, or from
the witness' testimony.
6. Witnesses—Competency—Mental Capacity.—That one has
been adjudged insane and is confined in an insane asylum is
prima facie evidence he is incompetent to testify, and im-
poses the burden upon the party offering him to show his
competency; but it is not sufficient to render him incompetent
to charge mental incapacity generally, or even that he has
been adjudged insane; and that one was declared insane in
1905 did not render him incompetent to testify in 1909, where
he was then free and appeared rational, and the trial court,
from his appearance and testimony, found that he was then
competent to testify.
7. Witnesses—Competency—Determination—Questions of Law
and Fact.—The preliminary determination of whether a wit-
ness has sufficient mental capacity to testify is for the court
to determine from his appearance, conduct, testimony, and
all other circumstances; his credibility being for the jury.

JOHN E. SHEPARD for appellant.

CLASSIFICATION.

1. Motion for peremptory instruction for defendant. City of
Covington v. Manwaring, 24 Reporter 424; City of Midway v.
Lloyd, 24 Reporter 2449.
2. Competency of insane witness. Wigmore on Evidence, Sec.
497; District of Columbia v. Armes, 107 U. S. 523; Reg. v. Hill,
5 Cox Criminal Cases 259; Pittsburg, &c. Railway Co. v. Thomp-
son, 82 Federal Rep. 727; Greenleaf on Evidence, 370-c. Vol. 1,
page 511; Elliott on Evidence, sections 752, 757; Holcomb v. Hol-
comb, 28 Conn. 177; State of Washington v. Smith, 26 Wash. 354;
Huling v. Huling, 32 Ill. App. 319; Livingston v. Kiersted, 10
Johns. (N. Y.) 362; Carpenter v. Carpenter, 8 Bush, 287.

ROBERT C. SIMMONS attorney for appellee.

AUTHORITIES CITED.

1. No error was committed by the lower court in admitting the
testimony of Eichman. Clements v. McGinn, 33 Pac. 920; Elliott
on Evidence, sections 752, 751; Mead v. Harris, 101 Mich. 585;
Bowdle v. Rwy. Co., 103 Mich. 272; Worthington & Co. v. Men-
cer, 96 Ala. 310; Mayor, et al. v. Caldwell, 81 Ga. 76-79.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee, while driving a wagon along one of the
streets of Covington, was thrown from the wagon
by a lurching as the front wheels dropped into a deep

hole in the street. He was seriously injured. In this action against the city because of the injury inflicted on appellee by reason of the negligent and unfit condition of the street, he recovered a verdict and judgment for $800 as damages. The hole was filled with mud and water, so that, to one not knowing of it, it had the appearance of being only a sloppy place in the street. It is not claimed, nor was it shown, that plaintiff knew of the existence of the hole before his injury, although he had frequently before driven over that street. The principal grounds urged for a reversal, and the only ones that may be regarded material enough to be commented upon in this opinion, are the failure of the court to grant the city a continuance, and the admission of incompetent evidence.

The injury occurred in November of 1905. The suit was brought January of 1906. The trial was had in March of 1909. In the affidavit filed on behalf of the city for a continuance, the absence of two witnesses is relied on. One of them was a boy who was on the wagon with the plaintiff when the accident occurred. As to him the affiant said he was a resident of Covington, and had been confined in the State School of Reform near Lexington, but had escaped therefrom and left the State; that the affiant did not know where he was or what he would testify to if present, but that he knew facts material to the city concerning the case. The trial ought not to have been postponed in order to allow the defendant to locate a refugee from justice and ascertain what he knew about the case.

The affiant said the other absent witness would testify that the plaintiff was driving at "fast and

reckless rate of speed" when injured; that the wit-
ness was absent from the State, residing at Piqua,
Ohio; and that the affiant had just learned that he
had removed to that point. The affiant failed to show
any diligence to locate the witness earlier. The
plaintiff consented that the affidavit could be read
as the depositions of the absent witness. The court's
action in overruling the motion for continuance was
not error.

A witness offered by the plaintiff upon the trial
was objected to by the defendant in this way: "Q.
State your full name to the jury. A. Peter William
Eichman. Mr. Shepard: Is Mr. Eichman competent
to testify? Mr. Simmons: Yes, sir; of course he is.
Mr. Shepard: I object to the witness testifying; he
is not qualified, because of having been declared of
unsound mind and never restored. (Objection over-
ruled, and defendant excepts.)" The witness testi-
fying was coherent, and his answers as direct and
responsive, and apparently as sensible, as those of
any other witness in the case. He was also corrobor-
ated in every material particular by two other wit-
nesses whose competency was not questioned. Eich-
man's testimony was as to the condition of the street
at that point a month before this plaintiff
was hurt there. Eichman's wagon was stall-
ed in the same mudhole, he said. After the
plaintiff had closed his case, the defendant introduc-
ed a record of the Kenton Circuit Court to show that
Eichman had been adjudged a lunatic in the spring of
1905. It was conceded that the judgment had not
been set aside, and that Eichman had not been ad-
judged by any court to have been restored to his
right mind. Every man is presumed to be sane un-

less the contrary is made to appear.  One who is so insane that he does not comprehend the obligation of an oath, or who cannot give a correct or rational account of the matters which he has seen or heard in reference to the questions at issue, is deemed not a competent witness.  When one is offered as a witness who appears to be of age and capacity to testify, the presumption as to his competency attaches. The party objecting must make it appear that he is not mentally competent.  This may be done by a voir dire examination, or outside testimony, or during the course of the witness' own testimony.  Greenleaf on Evidence, 370, p. 511.  That a person has been found unsound of mind by a court of competent jurisdiction, and is an inmate of an asylum for the insane, is prima facie evidence that he is of unsound mind, and imposes the burden upon the party offering him to show his competency.    Pittsburg, etc., Ry.   Co. v. Thompson, 82 Fed. 727, 27 C. C. A. 333.  The preliminary determination of capacity is for the judge, the credibility of the witness for the jury.  Wigmore on Evidence, Sec. 497.  If the witness is objected to on the ground of lack of mental capacity, the judge will consider whether   the objector has   presented enough to show probable lack of understanding, which may be done in one of the ways pointed out above, whereupon the burden is upon the party producing the witness to show his competency.  But it is not enough to merely object to a witness on the charge of mental incapacity, or even to charge that he has been adjudged non compos mentis.  There must be established a prima facie case of incapacity before the presumption of sanity will be overcome. That a person is of unsound mind might be manifest from his appearance or conduct, as well as speech.  So might

the contrary be established. When the trial judge sees and hears the witness testify, and is satisfied from it all that he is competent to be a witness, the question is then exclusively for the jury as to the weight they will accord his testimony. That Eichman was insane in 1905 is not proof that he is insane in 1909, when he is at large and talks rationally, and, for aught shown on the record, appeared to be of sound mind. While it has been said that, where one had been proved and adjudged to be of unsound mind arising from mania, the presumption of law is, in a controversy whether a writing executed by him was executed in a lucid interval, that his condition is unchanged until the contrary is shown (Carpenter v. Carpenter, 8 Bush, 287), that rule does not apply to one offered as a witness in the presence of the court, unless the judgment of lunacy is so recent, or the witness is still confined in an asylum, as to raise the presumption of fact that his condition has not materially changed since the verdict. The judgment of a court finding one of unsound mind is never conclusive that he remains so; much less is it conclusive that his condition continues so as to disqualify him as a witness in his own or another's behalf. The utmost effect of it, as bearing on the competency of the person as a witness, is to raise the question of his competency, when it is for the judge to then decide, upon the witness' appearance, conduct, speech, and any outside testimony that might be offered, whether he is competent. So when, after having heard the witness depose, and having observed his bearing, the judge overrules an objection as to the competency of the witness, although recently found to be insane, the testimony of that witness becomes a matter solely

of credibleness. There was not an error in overruling the objection to the witness. Nor does there appear any error in the record.

Judgment affirmed.