## Lamastus, et al. v. Morgan's Committee, et al.

(Decided January 25, 1918.)

### Appeal from Warren Circuit Court.

1. Reformation of Instruments—When Court of Equity Will Reform Deed.—Where a mistake has been made by a draughtsman in the preparation of a deed, a court of equity will order a reformation of the deed, so as to carry out the intention of the parties when the deed was made, if the mistake of the parties is mutual and the proof shows that a mistake was made beyond all reasonable controversy.

2. Reformation of Instruments—Rule as to.—The rule, which permits a court of equity to reform a writing, because of a mutual mistake of the parties. assumes the existence of a writing as the basis for the court's action.

B. F. WALLACE for appellants.

JOHN B. GRIDER for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On February 10th, 1908, Nettie Glenn and her husband, W. H. Glenn, sold and conveyed to D. O. Morgan, in consideration of $340.00, in cash, paid to them, an undivided one-half interest in two adjoining tracts of land. One of the tracts, as it appears from the deed, contained forty-three acres, but the number of acres contained in the other tract does not definitely appear except that it was about thirty to forty acres. On the 27th day of July, 1908, D. O. Morgan executed a deed to W. H. Glenn for his interest in the forty-three acre tract of land, for a consideration, as recited in the deed, of a note of the grantee for the sum of $385.00. On September 16th, 1908, W. H. Glenn and his wife, Nettie

Glenn, conveyed the whole of the two tracts of land to Sally Glenn. Thereafter Sally Glenn sold and conveyed both of the tracts of land to the appellant, A. S. Lamastus. Upon the execution of the deed by Morgan to W. H. Glenn, the latter took possession of both tracts of land and held and controlled them until he sold and conveyed the lands to Sally Glenn. She took possession of both tracts and held them until her sale and conveyance to Lamastus. Thereafter D. O. Morgan was adjudged, in the county court, to be an imbecile and of mind too infirm to control and manage his property, and a committee was appointed to hold and manage his estate for him. Thereafter, on September 1st, 1913, the committee of Morgan, uniting Morgan with him, filed an action against Lamastus, in which it was claimed that Morgan was a joint owner with Lamastus of the two tracts of land heretofore mentioned, and asked that a division of the lands be had and an allotment, in severalty, to each of them of his interest therein. Lamastus filed an answer and amended answer, in which he denied that Morgan owned any interest in either of the two tracts of land, and alleged that at the time W. H. Glenn purchased from Morgan the one-half interest of Morgan in the forty-three acre tract, for the same consideration, and as a part of the contract, he purchased from Morgan his interest in both of the tracts, but, that by inadvertence of and mistake of the draughtsman of the deed from Morgan to Glenn, that a description of one of the tracts was omitted from the deed. He further alleged, that W. H. Glenn had paid Morgan the consideration for his interest in both tracts of land, and asked that the petition be dismissed, and that the deed from Morgan to W. H. Glenn be reformed so as to include the boundary of both tracts of land. The allegations of this answer and amended answer were denied, and for some reason or other this suit was thereafter stricken from the docket, with leave, however, to reinstate it.

Thereafter, on January 20th, 1916, the appellants; Lamastus and W. H. Glenn, and Nettie Glenn, his wife; who had warranted the title to all of both tracts of land to Sally Glenn, the vendor of Lamastus, joined as plaintiffs and instituted an action against Morgan and his committee, in which they alleged that Morgan had sold to W. H. Glenn his undivided one-half interest in each of the tracts of land, and that Glenn had paid him there-

for the consideration of $385.00, but by mistake of the draughtsman of the deed and by a mutual mistake of the parties, the description of one of the tracts of land was omitted from the deed, and further, that they had only recently learned of the mistake, and prayed for a reformation of the deed so as to have it embrace a description of both tracts of the land. The appellee, D. O. Morgan, by his committee, denied the sale by him of his interest in the tract of land not described in the deed to Glenn, and further denied that the description of it was omitted from the deed by any mistake of the draughtsman or by mutual mistake of the parties to the deed. They further denied that the purchase money note of $385.00, executed by W. H. Glenn to Morgan, had ever been paid, and asserted a lien upon the land to secure the note, and asked that the interest in both tracts formerly owned by Morgan be sold in satisfaction of the note. The failure to pay the note was denied by reply. The suit of Morgan, by his committee, against Lamastus, for a division of the lands, was, by an order of court, placed again upon the docket and consolidated with the suit with Lamastus, Glenn and his wife, against Morgan and his committee. Upon a hearing, the court denied Lamastus, Glenn, etc., the relief sought in their petition pertaining to the reformation of the deed from Morgan to W. H. Glenn, and adjudged that the petition be dismissed. Lamastus, W. H. Glenn and Nettie Glenn have prayed an appeal from that judgment to this court. No judgment of any kind was rendered in the case of Morgan's committee against Lamastus.

The contention of appellants is, that the evidence offered on the trial proved the allegations of their petition with reference to their claim, that Morgan had sold his interest in both tracts of land to Glenn and that Morgan's interest in one of the tracts of land was omitted from the deed from him to Glenn by the mistake of the draughtsman and the mutual mistake of Morgan and Glenn, and that it was the intention of both Morgan and Glenn that the interest in both tracts should be conveyed by the deed, and that was what they purposed to do, and that the court was in error in adjudging that they were not entitled to have a reformation of the deed, so that it would embrace within it a conveyance of Morgan's interest in both tracts of land.

The appellants' pleadings allege that Morgan had, by a judgment of the county court, been declared of unsound mind and a committee appointed for the management of his estate, and that such judgment of conviction of unsoundness of mind does not appear to have been set aside by any subsequent inquest for that purpose. No objection was made to the depositions of W. H. Glenn and Lamastus, upon the ground that Morgan was of unsound mind at the time the testimony was given, nor was there any objection made to the deposition and testimony of Morgan, upon the ground that he was of unsound mind and incapable of testifying as a witness. It is true, that subsection 2, of section 606, Civil Code, provides, that one shall not testify for himself concerning any transaction with or verbal statement made by or anything done or omitted to be done by one who is of unsound mind at the time the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living and who, when over fourteen years of age and of sound mind, heard such statement or was present when such transaction took place, or when such act was done or omitted, unless the person of unsound mind shall, when of sound mind, have testified against such person with reference thereto. The fact that one has been adjudged of unsound mind does not conclusively determine that he is incompetent to testify as a witness, either in his own behalf or in behalf of another. The effect of it, however, is to raise the question of his competency, when the judge must then determine from his appearance, conduct, speech and any testimony that may be offered, whether or not he is competent to testify. The general rule is, that, although one may be adjudged to be insane, he is a competent witness where he is capable of observing accurately and stating correctly what he observes, and understands the nature and obligation of an oath. City of Covington v. O'Meara, 133 Ky. 762; 40 Cyc. 2201. In the instant case, no objection having been made to the testimony of Morgan, nor any objection having been made to the testimony of Lamastus and Glenn against him, on account of his unsoundness of mind, it can only be presumed that Morgan was of sound mind when he gave his deposition, and when that of Lamastus and Glenn were given, and all will be considered for the purpose of determining the issue made in the pleadings.

It is a well settled principle, that where a mistake has been made by a draughtsman in the preparation of a deed, that a court of equity will afford relief by directing a reformation of the deed, so as to carry out the intention of the parties when the deed was made. Griffith v. York, 152 Ky. 16; Nutall v. Nutall, 26 R. 671; Dean v. Hall, 31 R. 1306; Noel's Ex'r v. Gill, 84 Ky. 249; Worley v. Tuggle, 4 Bush 168; Gregory v. Copeland, 32. R. 1153. It is, however, true, that the mistake must be established by the proof beyond all reasonable controversy. In other words, the proof must be full, clear and decisive, requiring a stronger degree of proof than is necessary for the rescission of a contract in writing. Whitt v. Whitt, 145 Ky. 367; Stackhoff v. Brannin, 14 R. 1717; Mattingly v. Speak, 4 Bush 316; Royer Wheel Co. v. Miller, 14 R. 831; Coleman v. Illinois Life Insurance Co., 82 S. W. 616; McGee v. Henry, 163 Ky. 729; Ison v. Sanders, 163 Ky. 605. The mistake, which will justify the reformation of a written contract, must, also, be a mistake, which is mutual, as to the parties. There is no claim that Morgan was of unsound mind at the time he is alleged to have sold Glenn the lands, as that was prior to his being adjudged of unsound mind.

The evidence very satisfactorily proves, that Morgan sold his interest in both of the tracts of land to Glenn. His purchase from Glenn preceded the sale by him back to Glenn a very short time, and it appears that Glenn gave him for the lands $385.00, and a short time previous he had sold the same to Morgan for $340.00, and there is no explanation or attempted explanation of why Glenn would within two or three months, pay Morgan $45.00 more for his interest in one of the tracts of land than Morgan gave him for the interest purchased by him in both tracts. Morgan and Glenn together procured the services of an attorney to write the deed of conveyance from Morgan to Glenn, and from the fact that Glenn took possession of both tracts of land and held them and thereafter sold and conveyed both tracts in their entirety to Sally Glenn and warranted the title to her, and the further fact that Morgan, until he was placed in the hands of a committee, never asserted any claim to either of the tracts of land, and in fact, declared in the presence of Lamastus that he had sold all the interest he had in both tracts to Glenn, makes very convincing and decisive proof, that

when the deed was executed by him he intended to convey his interest in both tracts of land to Glenn, and when Glenn accepted the deed and paid for the lands, that he evidently believed, that the deed was a conveyance to him of Morgan's interest in both tracts and hence the failure to incorporate the boundary of one tract of land in the deed was a mistake upon the part of both. Exactly how the draughtsman of the deed failed to assert a description of both tracts does not definitely appear, although it does appear, that he had before him, at that time, the deed from Nettie Glenn, etc., to Morgan, which contains a description of both tracts of land, as the deed from Morgan to W. H. Glenn recites the fact, that the interest in the forty-three acres conveyed was the same, which had been conveyed to Morgan by Nettie Glenn, etc., by deed of February 10th, 1908. The rule, which permits the reformation of a deed or other contract, on account of something being omitted by a mutual mistake of the parties or its failure to express the real contract between the parties, assumes the existence of a writing as a basis, and in the instant case, the deed sought to be reformed is the written basis and it asserts that the lands were the same, which had been conveyed to Morgan by Nettie Glenn, etc., on February 10th, 1908. The proof shows beyond controversy, that it was the intention of the parties to embrace in the deed a conveyance of both tracts of land, and that the description of one of the tracts was omitted from the conveyance by the mistake of the draughtman, and which resulted in the mutual mistake of both parties to the deed. The complaining party is entitled to have written into the contract that which was omitted from it by oversight and mistake. In Noel's Ex'r v. Gill, 84 Ky. 249, the vendee purchased four town lots, but by mistake, two of the lots were omitted from the deed of conveyance to him, and upon application to a court of equity, it was adjudged that the deed should be reformed, so as to include the lots, and the court in that case said:

"Whether parol evidence offered to correct the writing on account of fraud or mistake shows the verbal contract to be broader than the written instrument, covering more or a different subject matter or enlarging the terms; or is narrower than the written instrument, either in the terms or subject matter of the con-

tract, courts of equity will grant relief by reforming the contract so as to prevent fraud or mistake., The statute of frauds in granting such relief is not violated, but is 'uplifted' that it may not perpetuate the fraud that the legislature designed it to prevent.''

In Gregory v. Copeland, 32 R. 1153, Gregory sold to Copeland two tracts of land, one containing two acres and the other twenty-nine acres, but by mistake the two-acre piece was not included in the boundary and not conveyed by the deed. Upon application to a court of equity, the deed was reformed so as to make it include both surveys.

Hence, we are of the opinion, that the court was in error in denying the appellants the relief sought, pertaining to the reformation of the deed and ordering their petition to be dismissed.

It is, therefore, ordered that the judgment be reversed and the cause remanded for proceedings consistent with this opinion.