## Blackburn, et al. v. Bevins.

(Decided March 2, 1928.)

## Appeal from Pike Circuit Court.

1. Quieting Title.—Petition to quiet title to strip of land formerly used as bed for public road, alleging that "plaintiff contends that the county abandoned the old roadbed," held insufficient to state cause of action, since not alleging actual construction of road along new location and not sufficiently alleging abandonment of old roadbed.

2. Injunction.—Petition to enjoin trespass upon strip of land formerly used as bed for public road, alleging that "plaintiff contends that the county abandoned the old roadbed," held insufficient to state cause of action, since not alleging actual construction of road along new location and not sufficiently alleging abandonment of old road.

3. Pleading.—In drawing pleading facts must be alleged in direct and positive terms to the end that issue may be taken, and allegation that "plaintiff contends that county abandoned the old roadbed at the time of changing the location to the new roadbed" was insufficient.

4. Judgment.—Where petition does not state cause of action against defendant, it is insufficient to sustain default judgment against him.

5. Appeal and Error.—So much of judgment as affects defendant who does not appeal will not be reviewed by Court of Appeals.

CHILDERS, AUXIER, BOWLES & AUXIER for appellant.

J. H. ADKINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This action was brought by J. Mont Bevins against Tobe Blackburn and J. W. Pruitt, county judge of Pike county, to quiet his title to a small strip of land formerly used as the bed for the public road, which, it is claimed, had been abandoned, to enjoin Blackburn from trespassing thereon, and to enjoin the collection of a fine which Pruitt as county judge had imposed on him for obstructing the road. A default judgment was rendered, and Blackburn alone appeals.

In order for Bevins, who was the owner of the land on each side of the old roadbed and of the land covered by the roadbed itself, to show himself entitled to the old roadbed, it was necessary for him to allege facts showing that the necessary steps had been taken to change the lo-

cation of the road, and a new road was actually constructed, and that the old road had been abandoned. Even if it be conceded that the petition was sufficient to show that the necessary steps were taken to change the location of the road, and that the change was ordered to be made, it is not alleged that a road was actually constructed along the new location. Not only so, but the allegation respecting the abandonment of the old road is:

> "Plaintiff contends that the county abandoned the old roadbed at the time of changing the location to the new roadbed," etc.

It is the rule in this state that facts must be stated in direct and positive terms to the end that issue may be taken. Newman's Pleading and Practice, sec. 199. Here there was no direct and positive averment of abandonment, but only a statement of plaintiff's contention put in the form of an argument or inference, and as to which no issue could have been taken. We are therefore of the opinion that the petition did not state a cause of action against Blackburn, and, that being true, it is insufficient to sustain a default judgment. Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708; Holzknecht v. Louisville Deutsche Scheutzen Gesselschoft, 195 Ky. 189, 241 S. W. 804; Davie's Ex'r v. City of Louisville, 159 Ky. 252, 166 S. W. 969.

As the county judge of Pike county is not a party to this appeal, so much of the judgment as affects him will not be reviewed.

Judgment reversed and cause remanded, with directions to set aside the default judgment.