# Bevins v. First National Bank of Williamson.

(Decided Feb. 19, 1935.)

12

CHILDERS & BOWLES for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

A judgment in favor of the First National Bank of Williamson for $1,000 against J. Mont Bevins was rendered in the Pike circuit court in an action on a note for that amount, executed and delivered by J. Mont Bevins, "payable to the order of The First National Bank at The First National Bank of Williamson, West Virginia." Bevins "was an accommodation endorser" on a note of $1,000 of Kenner Hatfield which was discounted to, and owned by, the bank. Hatfield was unable at maturity to pay it, and, in lieu thereof, Bevins executed and delivered the note on which this action was brought.

His defenses are: The bank agreed with him at the time he executed and delivered it, "that he might have his own time in which to pay it"; he borrowed money of the bank with which to buy ten shares of capital stock of the Mountain State Candy Company, executed and delivered his note therefor, and secured it with the ten shares of stock; when the latter note became due, he paid it; the bank "failed and refused to turn over to him the ten shares of stock" and "wrongfully and without his consent and against his

will held the custody of" it, "claiming it was holding the same as security for the note" on which this suit was instituted, when, in fact, it was not placed as security for the note; after it wrongfully refused to turn the stock over, he had been offered $1,350 therefor, provided he could deliver the stock, but on account of the bank's wrongful acts he had been deprived of the benefit of the sale. He pleaded he was entitled to offset the value of the stock against the note of $1,000.

In an amended answer he alleged that since the bank had wrongfully refused to turn the stock over to him, it had become worthless, and he was entitled to offset the value thereof against the $1,000 note.

The court sustained a demurrer to the answer as amended, and directed a recovery of him of the sum of $1,000, with interest from August 16, 1931.

He is here insisting the action was brought in the name of the First National Bank of Williamson, when the note is payable to the Frst National Bank, and there is no allegation showing any connection of the former with the latter; the petition is not signed by either the plaintff or its counsel; and for these reasons the demurrer should have been sustained to the petition. He also insists that the allegations of his answer as amended state facts sufficient to constitute a set-off against the note sued on, and therefore the demurrer to it was erroneously sustained.

The record discloses that he failed to complain in the trial court of the alleged variance in the names of the plaintiff and the payee in the note; also, of the absence of the signature of the plaintiff or his counsel to the petition.

It is true that section 18, Civil Code of Practice, provides that every action must be brought in the name of the real party in interest, except as otherwise provided therein; and section 115 thereof requires a petition to be signed by the party who files it, or by his attorney. The failure to take advantage by a rule or other objection of either of these questions in the trial court is a waiver of the right to do so in this court. Voorhies v. Eiting, 22 S. W. 80, 15 Ky. Law Rep. 161; Baird v. Prewitt, 158 Ky. 793, 166 S. W. 771.

The allegation that the bank at the time of the execution and delivery of the note agreed he might

have his own time in which to pay it, in the absence of an allegation of fraud or mutual mistake accompanied by a statement of facts constituting fraud or mutual mistake, is no defense.

We have often ruled that a cause of action or defense cannot be based upon the proof of a contemporaneous parol agreement between the parties to a promissory note, which has the effect to destroy its obligatory character, or restrains or impairs its legal effect, according to its tenor, unless it is pleaded and shown that through fraud or mutual mistake of the parties the note fails to express the contract between them as it was agreed upon. Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721; Brown v. Turpin, 229 Ky. 383, 17 S. W. (2d) 253; Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091.

The allegations of the answer concerning the action of the bank in relation to the stock of the Mountain State Candy Company are merely the conclusions of the pleader. The language of the answer that it "has failed and refused to turn over" "or deliver" the ten shares of stock, "and wrongfully and without his consent," holds custody of it, asserting it was holding the same "as security for the payment of the note sued on," is no more than the conclusions of the pleader. It is not charged in the answer that he had at any time demanded of the bank the delivery of the stock, and it thereafter "failed and refused to turn it over or deliver it to him." The language "wrongfully and without his consent or against his will" is not a statement of facts nor an equivalent of the necessary facts showing the bank in not turning over or delivering the stock to him had acted "wrongfully."

It is an accepted rule of pleading that not only the facts constituting a cause of action or a defense must be pleaded, but so alleged in direct and positive terms that an issue may be made thereon. Blackburn v. Bevins, 223 Ky. 389, 3 S. W. (2d) 762. The purpose of the pleading is to inform the opposite party of the cause of action or defense intended to be presented thereby, and the facts constituting it. Bell National Bank of Pineville's Receiver v. Ellison, 248 Ky. 106, 58 S. W. (2d) 249. As we said in Begley v. Jones, 238 Ky. 239, 37 S. W. (2d) 44, 45:

"Every lawyer is familiar with the general rule of pleading that facts and not conclusions should be pleaded, and that, if only the latter is contained in the pleading, it will not authorize the granting of relief, unless waived or cured in or by some recognized method, none of which appears in this case."

The words "failed and refused" and "wrongfully," as they are used in the answer and amended answer, are but the expression of the pleader's conclusions, and therefore the answer as amended is demurrable.

It is apparent it is our conclusion the court properly sustained the demurrer to the answer as amended.

Wherefore, the judgment is affirmed.