## Belknap et al. v. Bank of Prospect et al.

(Decided April 30, 1935.)

WOODWARD, HAMILTON & HOBSON for appellants.

ROBERT T. CROWE and GUTHRIE F. CROWE for appellees.

386

The facts in this case being undisputed, the question for determination becomes one of law. We adopt the statement of the facts of appellee's brief, which reads:

"The Bank of Prospect which is now in liquidation was in 1925 and for about seven years thereafter a going concern. The bank is located at Prospect, Jefferson County, Kentucky, just over the line from Oldham and practically on the Ohio river. Mr. Belknap and Mr. Kerlin both have large farms in Oldham county near Prospect and on or near the river. Running up the river from the village of Prospect and through the lands of both Belknap and Kerlin is a road known as the River Road. In 1925, the land owners along the road, including Mr. David Rose who owned 'Rose Island' on the Indiana side, thought it desirable to improve this road. Mr. E. C. Hoagland was cashier of appellee bank at the time and was interested in the improvement of the road possibly because of the advantage it would be to the bank and possibly because he was interested in property near the road. In either case his motives like that of Mr. Belknap and Mr. Kerlin were praise-worthy in every respect and entirely in keeping with the spirit of the times as all three were engaged in a laudable effort to improve their own neighborhood. Accordingly they met at Mr. Hoagland's house and a voluntary association was formed. No officers were elected but Mr. Hoagland was designated treasurer of the 'River Road Fund.' The 'River Road Fund' seems to have been a convenient designation adopted by this association of gentlemen for the purpose of collecting and depositing funds and in this instance was used in borrowing money for the fund. It was agreed that each land owner along the route would pay $2.00 per acre and Mr. Rose would put up dollar for dollar against all the others, the cost, however, to be limited to $15,000.

"After the subscriptions were obtained, the work began but the expenditures outran the receipts from the subscriptions and it became necessary to borrow money or the work would stop. According-

ly on June 24, 1925, this fund borrowed $2,500 from appellee bank and Mr. Belknap and Mr. Kerlin signed as co-makers. When this note was signed it seems Mr. Rose owed about $2,500 on his subscription and that much or more was likewise owed by adjacent landowners. The construction was completed and cost $13,598.32 of which Mr. Rose paid $5,675.52 plus $149.00 for some pipe. As this money was paid in together with that received from the other subscribers, Mr. Hoagland, as the agent and only official representative of this association of gentlemen, paid the bills of the construction and when the bills were all paid and the subscriptions dried up there was only $850 left to pay on this note which was done on September 13, 1926. Nothing more was paid except a small amount of interest and suit was brought on August 20, 1932, after the bank failed.''

Belknap's and Kerlin's defense is that at the time they signed the note sued on, Rose owed $2,500 to the River road fund, evidenced by a written subscription, and that Hoagland, as agent for the Bank, procured their signature to the note under the promise the subscription of Rose, as, if, and when collected, would be applied to the payment of the note; that Hoagland collected the $2,500 Rose subscription, but failed to apply it to the payment of the note; that the agreement so to apply it was omitted by mutual mistake of the parties and a reformation of the note was sought. The facts are also pleaded as an estoppel.

A general demurrer was filed to the answer, and, without the court passing on it, a reply was filed controverting the allegations of the answer.

''A mutual mistake is one in which both parties participate by each laboring under the same misconception.'' Reiss v. Wintersmith, 241 Ky. 470, 44 S. W. (2d) 609, 613. A written instrument may be canceled on the ground of mistake, where it is shown there was no meeting of the minds of the parties, if the application to cancel it is timely made, and a mistake on one side may be grounds for rescinding it, but is no grounds for reforming the instrument. Bell v. Carroll, 212 Ky. 231, 278 S. W. 541; Fidelity & Casualty Co. v. Waugh,

222 Ky. 198, 300 S. W. 592; Reiss v. Wintersmith, supra; Bullock v. Young, 252 Ky. 640, 67 S. W. (2d) 941, 946.

In Bullock v. Young, it is written:

"Every contract must stand as written, in the absence of a plea of fraud or mutual mistake, until reformed on proper pleading and clear and convincing evidence (Hendrix Mill & Lumber Co. v. Meador, 228 Ky. 844, 16 S. W. (2d) 482); and the intention of the parties, as ascertained from the instrument as a whole, is the guide in the carrying out every part of it (Simpson v. Buckner's Adm'r, 247 Ky. 564, 57 S. W. (2d) 464). In ascertaining their intentions, the chief and most satisfactory index is found in the circumstances whether or not the particular element of the alleged extrinsic negotiations is dealt with in the writing. 'If it is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. This test is the one used by the most careful judges and is in contrast with the looser and incorrect inquiry whether the alleged extrinsic negotiation contradicts the terms of the writing.' Wigmore on Evidence, vol. 4, sec. 2430. Koppers Co. v. Asher Coal Mining Co., 226 Ky. 492, 11 S. W. (2d) 114; Lexington & Eastern Ry. Co. v. Lyons, 104 Ky. 23, 46 S. W. 209, 20 Ky. Law Rep. 516; Southern R. Co. v. Graddy, 91 S. W. 1125, 28 Ky. Law Rep. 1347; White Star Coal Co. v. Pursifull, 186 Ky. 697, 217 S. W. 1020."

In Bevins v. First National Bank, 258 Ky. 11, 79 S. W. (2d) 348, 349, the defense was, as here, a contemporaneous parol agreement, the effect of which was to destroy the obligatory character of the note sued on, of which we said:

"We have often ruled that a cause of action or defense cannot be based upon the proof of a contemporaneous parol agreement between the parties to a promissory note, which has the effect to destroy its obligatory character, or restrains or impairs its legal effect, according to its tenor, unless it is pleaded and shown that through fraud or

mutual mistake of the parties the note fails to express the contract between them as it was agreed upon. Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721; Brown v. Turpin, 229 Ky. 383, 17 S. W. (2d) 253; Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091.''

A review of the above authorities, and many others that might be cited, is sufficient to convince any interested reader, that, before a promissory note may be reformed upon the ground of mutual mistake of the parties, such mistake must be established by clear, decisive, explicit, and satisfactory evidence, sufficient to convince the chancellor that the mutual mistake had been made by the parties, and that the parol agreement was by reason thereof omitted from the written instrument. Lamastus v. Morgan's Committee, 178 Ky. 805, 200 S. W. 32; Whitt v. Whitt, 145 Ky. 367, 140 S. W. 570; Stockhoff & DeWitt v. Brannin, 14 Ky. Law Rep. 717; Ison v. Sanders, 163 Ky. 605, 174 S. W. 505; Cook v. Day, 168 Ky. 282, 181 S. W. 1113; Johnson v. Gadberry, 174 Ky. 62, 191 S. W. 865; Chinn v. Baxter, 203 Ky. 630, 262 S. W. 974.

The rule does not mean that only the contemporaneous parol agreement must appear by clear and convincing evidence, but that the mutual mistake must be so established before the instrument may be reformed, so as to embrace the omitted parol agreement. In other words, the so establishing the mutual mistake of the parties is a condition precedent to the right of reformation, though the omitted parol agreement be conceded. Walker v. Howard, 211 Ky. 526, 277 S. W. 843; Stanley v. Slone, 216 Ky. 114, 287 S. W. 360; Huntsman v. Monarch Oil & Gas Co., 197 Ky. 607, 247 S. W. 754; Daniel Boone Coal Co. v. Crawford, 203 Ky. 666, 262 S. W. 1097; Chinn v. Baxter, 203 Ky. 630, 262 S. W. 974; Rodgers v. Rodgers, 206 Ky. 515, 267 S. W. 1083; Ford v. Ford's Ex'x, 233 Ky. 673, 26 S. W. (2d) 551; Stokes v. Farmers' & Merchants' Bank of Elkton, 241 Ky. 699, 44 S. W. (2d) 837; Sutherland Bros. v. Travelers' Ins. Co., 245 Ky. 756, 54 S. W. (2d) 340; Edgewater Coal Co. v. Swinney, 251 Ky. 531, 65 S. W. (2d) 674.

Recognizing and applying these elementary principles, it is our conclusion that the evidence satisfactorily establishes the parol agreement was made contemporaneously with the execution and delivery of the note, but it utterly fails to show it was omitted by mistake of the parties who participated in the transaction at the time of the execution and delivery of the note.

Wherefore, the judgment is affirmed.