## E. F. Spears & Sons v. Winkle

(Decided January 23, 1920.)

### Appeal from Jessamine Circuit Court.

1.   Contracts—Inducement—Consideration.—To say that certain facts were an "inducement" for entering into a contract does not necessarily mean that such matters formed a part of the "consideration" for the contract, since there is a manifest difference between the meaning of the terms "inducement" and "consideration" as applied to contracts.

2.   Contracts—Additional Stipulation.—Where a contract which the law permits to be made orally is agreed to by both parties and completed, and afterward it is reduced to writing, an additional stipulation will not be considered as a part of the terms of the

contract unless an additional consideration moves from the other party.

3.    Trial—Instructions—Error to Assume Fact.—It is error for the court to assume in its instructions to the jury a fact which is disputed by both the pleading and the testimony.

JOHN H. WELCH and TALBOTT & WHITLEY for appellants.

BRONAUGH & BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellants, Woodford Spears and Catesby W. Spears, who were plaintiffs below, are partners operating in the name of E. F. Spears & Sons. Their business is that of general dealers in hemp and hemp seed, and they are located at Paris, Kentucky. On March 26, 1917, they entered into a contract with appellee and defendant below, L. O. Winkle, whereby they purchased from him three hundred bushels of recleaned hemp seed, at the price of five dollars per bushel, the seed to be grown that year and delivered at Nicholasville, Kentucky, during the following fall. The defendant failed and refused to deliver the seed at the time and place agreed upon. Alleging that they had been damaged in the sum of three dollars per bushel because of the advance in price between the date of the contract and the time for delivery, plaintiffs brought this suit to recover of the defendant nine hundred ($900.00) dollars in damages.

The answer admitted the contract, but defended on the ground that plaintiffs had not complied with their part of the contract, which portion thereof so violated, according to defendant, was that plaintiffs agreed to lend him, some time in June of that year, $800.00 or $1,000.00, and that they had refused to do so, thus relieving defendant, according to his contention, from complying with his obligation under the contract. This was denied by reply and a trial before a jury resulted in a verdict in favor of defendant, followed by a judgment dismissing the petition, to reverse which this appeal is prosecuted.

It is doubtful whether defendant's pleading is sufficient to entitle him to rely upon the defense interposed by him, since he nowhere alleges the agreement which he claims plaintiffs violated was any part of the consideration of the contract of sale. His answer, in this regard, says: "And as an inducement for him to sell plaintiff

said hemp at said price, plaintiff agreed to loan this defendant, in the month of June, 1917, from eight hundred dollars to one thousand dollars." This is followed by the further allegation that it was left out of the writing by fraud or mistake.

There is quite a difference in law between what constitutes an "inducement" for entering into a contract, and what constitutes the "consideration" for the contract. Mr. Webster defines the word "inducement" as being "that which induces," and his definition of "induce" is "to lead on; to influence; to prevail on; to move by persuasion or influence." The same author defines "consideration" when applied to contracts as "That which is regarded as the equivalent or return given or suffered by one for the act or promise of another." In 9 Cyc. 308, the term is defined to be "A benefit to the party promising, or a loss or detriment to the party to whom the promise is made." In other words, the term "inducement" implies only that which influences an act, while "consideration" means the parting with something by the one from whom it moves. However there was no demurrer filed to the petition, and we will pass this question without further comment.

Turning now to the merits of the case, the record shows that after the parties had agreed orally to the contract plaintiff suggested that it be reduced to writing, which was done, and it is in substance what we have hereinbefore stated. Following the signatures of the parties, there is written on the contract this memorandum: "Mr. Winkle may want 800 in June if upon inquiry we find satisfactory ref we will endeavor to get the money for him.

"To be grown on Mr. W. farm below High Bridge, Lock No. 7."

Defendant testified that he was unacquainted with either of plaintiffs, but knew of their location and the business in which they were engaged. On the day the contract was entered into he made a trip to Paris, where he met one of the plaintiffs, and according to his testimony this occurred:

"I introduced myself to Mr. Spears and told him of the crop of hemp seed I was going to grow in the season of 1917, and asked him what he would pay for three hundred bushel of hemp seed to be delivered in the fall of 1917. Mr. Spears said he would pay $5.00 per bushel for 300 bushels of recleaned, cultivated hemp seed delivered at

Nicholasville, in the fall of 1917. I told Mr. Spears I would accept his bid. Mr. Spears asked 'me to go to his office and sign a contract. After we reached the office he brought out a contract for us to sign. Before signing it I told him I would likely want to borrow $800.00 or $1,000.00 from him in June or July. Mr. Spears said that he would make a note of it and that all that was necessary would be for me to call his attention to it when I wanted the money." On cross-examination he said "It was after I had sold him the hemp seed and before I signed the contract that I asked him about the money."

It will thus be seen that the matter relied on by defendant as defense to the suit did not constitute any part of the contract according to his own testimony. It was not suggested until after the contract had been completed, which was when defendant accepted the offer of five dollars per bushel, and unless supported by a new consideration moving from defendant it was *nudum pactum*. The contract is not one required by law to be in writing, and its subsequent reduction to writing did not add any validity to it. It was an act entirely unnecessary except for evidentiary purposes. By their reply and in their testimony the plaintiffs denied any such agreement, but admitted that the matter was suggested and they agreed to the substance of the memorandum. Having failed to prove that any such alleged agreement constituted a part of the contract, the defendant failed to establish his defense even had his pleading been sufficient to permit him to rely upon it. A verdict should have been directed in favor of plaintiffs, but since no motion was made therefor, we will also pass this phase of the case without further comment.

The court gave to the jury only one instruction, to which the plaintiffs excepted. The first part of it directed the jury to find for the plaintiffs the difference between the contract price for the hemp seed and the fair market price therefor at the time and place of delivery, if any, not to exceed the sum of $900.00, and then added this qualification: "Unless they believe from the evidence that the plaintiffs, Spears & Sons, breached that part of the agreement between the parties given in evidence concerning the advancement of money by plaintiffs to defendant, in which event the jury will find for the defendant Winkle."

Manifestly, this clause was erroneous. It not only assumed that there was an enforceable agreement between the parties relative to the lending of money by plaintiffs to the defendant (when that fact, as we have seen, was denied both in plaintiffs' pleading and evidence), but furthermore left it to the jury to determine what constituted a breach of that contract. No rule of practice is more elementary than the one requiring the court to submit for determination all disputed issues of fact to the jury by appropriate instructions, and under that rule it is grievous error to assume in the instructions the existence of a fact which is properly denied by the pleadings as well as the evidence. If the testimony of defendant had been sufficient to authorize a finding that the matters upon which he relies constituted a part of the contract, then the qualification to the instruction should be, in substance: "Unless they believe from the evidence that plaintiffs agreed as a part of the consideration for the sale by defendant of his hemp seed to them, that they would lend him, in the month of June following, $800.00 or $1,000.00, and that upon proper application therefor they declined to do so, in which event, if the jury should so believe, they should find for defendant."

It results, therefore, that the judgment is erroneous and should be reversed, which is accordingly ordered, with directions to grant plaintiffs a new trial, and for proceedings consistent with this opinion.