## Brown et al. v. Turpin.

(Decided May 7, 1929.)

WESLEY & SON for appellants.

VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Eliza Turpin brought this suit against I. S. Brown, and Charles M. Brown and Sam Brown as sureties, to recover on a note for $1,750. In the first paragraph of the answer the defendants pleaded a counterclaim of $1,200 for board and lodging furnished plaintiff. In the second paragraph they pleaded that the note and money represented thereby did not belong to plaintiff, but belonged to her late husband, James Turpin; that said money belonged to and was loaned to defendant I. S. Brown by the said husband, and that for the purpose of escaping taxation, and other reasons, said note was made payable to plaintiff, but all the parties understood at the time that it was not her money or her note, and that she was not to and could not collect it, or any portion thereof. In the third paragraph they pleaded that the note was paid to plaintiff's husband, or to the extent of $1,300,

with the full knowledge of plaintiff, and that plaintiff was not the owner or entitled to collect said note, or any portion thereof, but, if allowed to do so, they were entitled to a credit of $1,300. A trial before a jury resulted in a verdict and judgment for plaintiff. Defendants have appealed.

It is first insisted that the court erred in sustaining a demurrer to the second paragraph of the answer. The note in question was executed to Mrs. Turpin. I. S. Brown received the money and promised to pay it to Mrs. Turpin. Whether it belonged to her or her husband is, wholly immaterial, and, even though Mr. Turpin had the note made payable to his wife for the purpose of evading taxation, it is not perceived how this fact would relieve I. S. Brown from paying back the money which he received. The further allegation that all parties understood at the time that it was not Mrs. Turpin's money, or her note, and that she was not to, and could not, collect same, or any portion thereof, is simply an attempt to vary by parol the terms of a written contract. In numerous cases we have held that, in the absence of an allegation of fraud or mistake, the maker of a promissory note containing an unconditional promise to pay the money therein specified cannot defend on the ground that there was an oral agreement not to pay. Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081; Stewart v. Gardner, 152 Ky. 120, 153 S. W. 3; Bower's Ex'r v. Linn, 14 Ky. Law Rep. 889.

The further point is made that appellants were entitled to a credit of $1,300 on the note because the allegation that that sum had been paid to Mr. Turpin with Mrs. Turpin's knowledge was not denied by reply. It is true that the allegation was not denied by reply, but the record discloses that the third paragraph of the answer and counterclaim was withdrawn. That being true, appellants were not entitled to a credit of $1,300.

Another contention of appellants is that the court erred in refusing to permit Lindsey Brown to testify that Mrs. Turpin stated to Mrs. I. S. Brown that she and her husband would pay for their board while there, and help furnish their part of expenses. The question that elicited this avowal, not only failed to name any time or place when the alleged conversation occurred, but was of such a leading character that the court properly declined to permit the witness to answer.

Appellants insist that the verdict of the jury was flagrantly against the evidence. As I. S. Brown was not keeper of a tavern or house of private entertainment, he was not entitled to recover board of Mr. and Mrs. Turpin, in the absence of an agreement for compensation therefor. Section 2178, Kentucky Statutes; Henderson v. Stringer, 2 Dana, 291; Bryson's Adm'r v. Briggs, 104 S. W. 982, 32 Ky. Law Rep. 159. Therefore, the main question that the jury was called on to decide was whether or not there was an agreement. Mrs. Turpin testified that there was no agreement for board. While I. S. Brown swears that there was, he admits that he paid interest on the note without saying anything about board, and that he never made any claim on Mrs. Turpin for board until after her husband's death. Considering all the evidence, in the light of the situation and conduct of the parties, we are unable to say that the finding of the jury was flagrantly against the evidence.

Judgment affirmed.