## Carter v. Vine Grove State Bank.

(Decided November 25, 1930.)

192

JAMES & JAMES for appellant.

LAYMAN & LAYMAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Judgment for $3,000 was entered against A. J. Carter, the appellant, in favor of the Vine Grove State Bank in the Hardin circuit court with interest from December 19, 1928. The basis of the suit was a note for that sum executed by appellant to the bank. The note was originally executed December 18, 1919, and the note sued on was a renewal of the original note. It had been renewed from time to time for several years. Appellant defended on the ground of no consideration.

We deem it unnecessary to go into great details in relating the evidence. It is the contention of appellant that at the time he executed the note he did so at the request of his brother R. E. Carter, who was the president and cashier of the bank, and that he received none of the proceeds and no benefit of any kind whatever by reason of his execution of the note. The bank had been in trouble some time prior to the execution of this note, and the directors had borrowed a large sum of money on their own joint note from the National Bank of Kentucky. The cashier of the bank, who was also president, desired to pay the balance of the money so borrowed, and there was money on hands in the bank; but, for some reason not made entirely clear, he could not use it unless he could get a note to take its place, and the appellant executed the note to become a part of the assets of the bank so that the $3,000 might be paid to the National Bank of Kentucky. If this statement is true, appellant received no benefit growing out of the execution of the note and the bank was benefited to the extent of the $3,000. The directors had borrowed the money to replenish the depleted capital of the bank. Appellant was not one of the directors and had no connection whatever with the bank. It is his contention that he should not be required to pay the note because there was no consideration for its execution.

On the other hand, it is contended by the appellee that appellant was in charge of the Citizens' Loose Leaf Tobacco Warehouse Company, and that he borrowed the money to be used in the conduct of the affairs of that company, and that it was placed to the credit of the warehouse company and used by it.

In response to this contention it is claimed by appellant that the warehouse company had become largely indebted to the bank, and that he was operating the warehouse company solely for the bank.

The court submitted the questions in issue to a jury under instructions that were concise and which appear to embody the law of the case.

There was much evidence relating to the conversation between appellant and his brother in charge of the bank at the time the note was executed. Appellant testified that his brother told him that he would never have to pay the note, and that he would not have to pay any interest on it. This is corroborated by his brother. Counsel for appellee contend that this evidence was incompetent. They are correct in this contention. In the absence of allegation of fraud, or mistake, the maker of a promissory note containing an unconditional promise to pay money specified therein cannot defend on the ground that there was an oral agreement that he would not be compelled to pay the note, as such a defense is an attempt to vary by parol the terms of a written contract. Brown et al. v. Turpin, 229 Ky. 383, 17 S. W. (2d) 253.

It is permissible to state facts showing there was no consideration, but if there was an agreement that appellant should not be required to pay the note, he cannot avail himself of any such agreement under the pleadings as made up. The conversations between the appellant and his brother were not competent.

The case of First State Bank of Nortonville v. Morton, 146 Ky. 287, 142 S. W. 694, 695, did not hold that such conversations and agreements would constitute a valid defense to a note, but that case did hold that a plea of no consideration may be upheld by facts similar to those existing in this case as the facts were made to appear by appellant.

The most serious question in this case is the competency of the books of the bank which were introduced for the purpose of showing that the proceeds of the note were placed to the credit of the warehouse company. The

194

books of the bank were kept by an assistant cashier, and she was not introduced and there appears no reason in the record for the failure to introduce her. The contents of such books must be first properly proven before they are competent evidence of the facts shown by them. The person who made the entries must be offered as a witness and the entries proven by him unless he is dead, or has absconded, or unless other sufficient reasons exist showing that it is not practical to obtain his testimony. Such books are never competent evidence of their contents until the absence of the person who made the entries is satisfactorily accounted for on one or more of the grounds above stated. Baskett, Nichols & Norment v. Rudy, 186 Ky. 208, 217 S. W. 112.

Under the authority of that case, the evidence of entries tending to show that the warehouse company received the benefit of the proceeds of the note was not competent.

Complaint is made about instruction No. 2 defining consideration. Probably it would have been better if the court should have predicated his instructions on the facts of the particular case, instead of giving an abstract instruction; but we think the instruction fairly submitted the question to the jury. A definition of "consideration" may be found in the case of Spears v. Winkle, 186 Ky. 585, 217 S. W. 691, and in the case of McDevitt v. Stokes, 174 Ky. 515, 192 S. W. 681, L. R. A. 1917D, 1100.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.