# First National Bank of Hazard's Receiver v. Hignite.

(Decided November 27, 1931.)

WILLIS W. REEVES for appellant.

FAULKNER & FAULKNER and W. A. STANFILL for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

The First National Bank, by its receiver, brought this action to recover against James Hignite on a check for $1,000, drawn on November 2, 1925, on the Winchester bank, and cashed on that day by the Hazard bank, and not paid by the Winchester bank for lack of funds to the credit of Hignite. Hignite filed an answer pleading, in substance, that the check was without consideration; that its execution and delivery were simply for the accommodation of the bank, and that the bank agreed with him that the check was not to be presented to the bank on which it was drawn for payment. The issues were made up, and on the trial the jury returned a verdict for the defendant, on which the court entered judgment. The plaintiffs appeal.

The facts of the case are these: Dr. Gross was a candidate for sheriff of Perry county. Farmer Eversole was a brother-in-law of Dr. Gross and his campaign manager. James Hignite was also a brother-in-law of Dr. Gross, but lived in Clay county. On November 2, he was in Hazard and in the office occupied by Eversole as campaign manager. Eversole told him that they needed a check at the bank to cover $1,000, and he said, "If you will give your check we will make arrangements that your check will not leave the bank and your check will not be presented for payment." Hignite then wrote the check. He and Eversole went to the bank together and went to the office of James Roan, the vice president of the bank. Eversole asked Roan if they would cash that thousand dollar check. Hignite, as shown by the

proof for defendant, said: "Mr. Roan, there is one way you can get this check. I am giving this check with the understanding it is not to be presented for payment and later on returned to me." Roan answered: "That is all right, Dr. Gross will take care of the thousand dollars and your check will not be presented for payment." Hignite gave him the check, and he went back to the bank. Before Hignite left the room Roan asked him if he had any way of carrying $1,000. Hignite said, "No." Roan asked the number of his room, and then told him, "You go ahead and I will bring the money or send it." Hignite returned to his room and soon the thousand dollars was brought there, wrapped up in a newspaper, consisting of one and five dollar bills. Hignite took the money and turned it over to Eversole. As campaign manager, Eversole had spent all the money he had. This was the day before the election, and he needed some money in Perry county for the next day. Roan testified that none of the above occurred, and that he gave the money to Hignite there in the room. But it is undisputed that the check was cashed and that Hignite got the money. It is also undisputed that the check has not been paid, and the bank is out a thousand dollars.

The question presented is, Can Hignite show by parol the above facts to defeat liability on the check, which is absolute on its face? In 22 C. J., p. 1075, sec. 1381, the rule is thus stated:

> "The legal effect of a written instrument, even though not apparent from the terms of the instrument itself, but left to be implied by law, can no more be contradicted, explained, or controlled by parol or extrinsic evidence than if such effect had been expressed."

It is well settled that, in the absence of a plea of fraud or mistake, parol evidence cannot be received to contradict a written contract. Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091, and cases cited. The same rule applies in the case of a check as in the case of other writings.

> "A check, being in legal effect but a bill of exchange, is subject to the same rule, and cannot be varied or contradicted by parol evidence." 22 C. J., p. 1090, sec. 1443.

The same rule is applied to the indorsement of a note, Hoskins v. Black, 190 Ky. 98, 226 S. W. 384; James v. Stokes, 203 Ky. 127, 261 S. W. 868; Schine v. Johnson, 92 Conn. 590, 103 A. 974, 4 A. L. R. 744; Security Savings Bank v. Rhodes, 107 Neb. 223, 185 N. W. 421, 20 A. L. R. 412, and notes; Brannan's Negotiable Instruments Law, p. 612, sec. 66. In Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081, the suit was brought on two notes and a check. The defendant defended on the ground that the plaintiff agreed that, if the defendant would take and retain certain policies of insurance, the plaintiff would advance the premiums on the policies, take the appellant's notes therefor, and renew the same from time to time until such time as the company would carry the premiums on the pledge of the policies. There is no substantial difference between that case and this. It was held that, in the absence of plea of fraud or mistake, judgment was properly entered in favor of the plaintiff. A number of authorities are collected in that opinion. To the same effect is Brown v. Turpin, 229 Ky. 383, 17 S. W. (2d) 253, where a husband sued on a note of his wife, relied upon an oral agreement that he was not to pay it. This case cannot be distinguished from those above cited. To the same effect, see Treas v. Bank of Marshall County, 234 Ky. 376, 28 S. W. (2d) 43; Carter v. Vine Grove State Bank, 236 Ky. 191, 32 S. W. (2d) 973. There was not only no plea of fraud or mistake, but there was no ground for such a plea. The check was drawn in Eversole's office before he went to the bank; it was delivered to the bank, and Hignite got the thousand dollars from the bank. This is not the case of a conditional delivery of the check; the check was delivered absolutely and was cashed. There is nothing in the evidence warranting the conclusion that the bank had any notice that the money was to be used illegally or lent the money for this purpose.

On the defendant's evidence the court should have instructed the jury peremptorily to find for the plaintiff.

Judgment reversed, and cause remanded for further proceedings consistent herewith.