GEORGE HAIMAN, doing business as HAIMAN'S, v. BELLE B. GUNDERSHEIMER

177 So. 199.
Division A.
Opinion Filed November 18, 1937.

*J. McHenry Jones,* for Plaintiff in Error;

*Sam Pasco, Jr.,* and *Coe & McLane,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff who sued defendant in the court below on a declaration in two counts.

She recovered on the first count. The allegation of this count of the declaration was in effect that the defendant agreed to purchase a certain stock of goods and fixtures, together with the good will of the business of the plaintiff in Pensacola, Florida, and to employ the plaintiff as manager of the business for the period of one year at a salary of $40.00 per week, commencing September 30, 1935; that plaintiff entered into the employment on that date and continued until March 21, 1936, at which time defendant dis-

charged the plaintiff without any sufficient cause; that defendant paid the plaintiff the price agreed upon for the said stock and fixtures and paid plaintiff $40.00 per week while plaintiff was working for the defendant, except that defendant did not pay plaintiff for the last week she worked; that the plaintiff has at all times been ready and willing to perform said contract with the defendant and that plaintiff has not been able to obtain any steady employment before the Fall of 1936.

In this count the plaintiff claimed $2,000.00 damages.

In the second count plaintiff alleged that defendant was due her the sum of $40.00 under the common counts and alleged she was entitled to damage in the sum of $80.00. The defendant admitted the indebtedness of $40.00 and tendered it into court.

There were fourteen pleas filed.

The sixth plea was as follows:

"That the defendant did not contract with the plaintiff for the purchase of the store and fixtures and to employ the plaintiff as manager, and alleges that the agreement to purchase the store and fixtures was separate from any other agreement. That the defendant employed the plaintiff but reserved the right to discharge the plaintiff in event her services were not satisfactory; that said plaintiff failed and neglected to properly submit correct reports of the transactions of the business and the defendant discharged the plaintiff."

We deem it unnecessary to here discuss other pleas.

There was evidence to quite conclusively show that it was the duty of the plaintiff in her employment by the defendant to render daily to defendant *correct* reports showing the business transactions of the day for which such reports were made. Some blanks for this purpose were

furnished by the employer to the plaintiff and, amongst other things, defendant required that plaintiff should show in the reports rendered all items of expense which she was allowed to pay from petit cash account and she was also required to attach to and furnish receipts for the amounts paid out as such items of expense. This was a reasonable requirement and one which any successful business man would expect an employee in the management of any part of his business to comply with.

It is also conclusively shown by the record that the plaintiff did not comply with this requirement, though repeatedly requested and warned to do so.

The record shows that out of reports made for 136 days the reports for 85 days each showed a failure to properly account for $1.00 or more. Other reports showed inaccuracies and lack of detailed compliance with the requirements of the employer. In this connection the record shows that defendant paid plaintiff $1982.10 for the stock of goods and $350.00 for fixtures; that during the period from October 1, 1935, through February, 1936, the business suffered a net loss of $1535.32, while from April 1st, 1936, through November, 1936, showed a net loss of only $27.40. This latter observation is only pertinent as tending to show a lack of proper business management.

There are many other alleged shortcomings complained of.

The Court in instructing the jury, at the request of the plaintiff, gave the following instruction:

"The court charges you that not every trivial act of an employee in failing to comply strictly with her employer's instructions will constitute ground for her discharge; and before the defendant can justify himself in terminating the plaintiff's employment, if you find that she was employed as set forth in the declaration, he must make it appear by

a fair preponderance of the evidence that some breach of such contract set forth in his pleas was committed by her, and further that such breach constituted a material and not merely trivial departure from the duties of her employment, injurious to her employer's interest, or a willful and unexcused refusal to comply with his reasonable instructions."

This instruction submitted to the jury the determination of what constituted a breach of duty by the employee which would constitute justification for her discharge by her employer. That was a question of law. As to whether or not the plaintiff had done those acts which would constitute a reason warranting the employer to discharge her was a question for the jury. In other words, it was for the court to determine as a matter of law whether or not the plaintiff's failure to make reports in the manner and form required by the employer, would constitute a breach of duty which would, if found to be true, warrant the employer in discharging the employee. It was then a matter of fact for the jury to determine from the evidence whether or not the plaintiff had failed and refused to make the reports of the transactions of business as required by the employer and it was not for the jury to say, or determine, whether or not such failure and refusal on her part was trivial or an important matter. In other words, the law implies that the contract between the employer and employee is that the employee will faithfully perform the duties required of him under his employment in the manner directed by the employer, provided, of course, the employer may reasonably make such requirements. From the recognition of this rule probably came that old adage to the effect that it is the servant's duty to obey orders, even if doing so will break the owners.

It, therefore, follows that the question presented in such cases as this is whether or not the contract has been breached by the employee's failure to comply with directions from the employer in regard to the performance of the duties devolving upon the employee. It is a question of law for the court to determine what would constitute a breach of the contract and then a question of fact for the jury to determine as to whether or not that thing which would constitute a breach of the contract has occurred.

The charge was erroneous because it submitted to the jury a question of law which should have been determined by the court. Equitable Mfg. Co. v. Howard, 148 Ala. 664, 41 Sou. 628; Birmingham R. R. Light & Power Co. v. Hayes, 153 Ala. 178, 44 Sou. 1032; City Council of Montgomery v. Bradley & Edwards, 159 Ala. 230, 48 Sou. 809.

In the case last cited defendants requested charge No. 2, as follows:

"If the jury believe from the evidence that the defendant Barrett took reasonable precaution to warn the public using this street of the existence of the hole into which the mule fell, then the jury must find for the defendant," which was refused, and its refusal was assigned as error.

Mr. Chief Justice Dowdell, speaking for the Court in regard to this, said:

"Charge 2, requested by the defendants, was properly refused. This charge not only ignores the duty that rested on one of the defendants, the City Council of Montgomery, but refers to the jury to determine what constitutes a reasonable precaution, a question of law. Moreover, charges must be predicated upon the issues joined, which this charge does not do."

See also Elkhorn & B. V. R. R. Co. v. Dingus, 187 Ky.

812, 120 S. W. 1047; Spears & Son v. Winkle, 186 Ky. 585, 217 S. W. 691; Patterson v. Wenatchee Canning Co., 53 Wash. 155, 101 Pac. 721.

We have examined the record in the light of other contentions made but cannot say, in view of the conflicts in evidence, that other reversible error occurred. The error pointed out herein, however, amply warrants a reversal of the judgment and remanding of the cause for a new trial.

It is so ordered.

Reversed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.