## EDWARDS v. WHITLEY CITY SALES, Inc.

Court of Appeals of Kentucky.
Feb. 29, 1952.

Drake & Howard, and Virgil Fowler, all of Lexington, for appellant.

Robert M. Odear, Lexington, Leonard S. Stephens, Whitley City, for appellee.

MILLIKEN, Justice.

This is an action on an express contract entered into on May 3, 1947, between the appellee, Whitley City Sales, Inc., and the appellant Ellis Edwards. Appellee, plaintiff below, was awarded $1,500 after trial by a jury in the Fayette Circuit Court.

On appeal, appellant urges four grounds for reversal: (1) The admission of incompetent evidence; (2) the overruling of his motion to file an amendment to his answer after all the evidence was in; (3) the jury was incorrect in finding that a condition of the contract was not fulfilled; and (4) improper argument of counsel.

By the terms of the contract, appellant sold to appellee all the fixtures, equipment, parts, material, machines and tools then owned by the seller and located in the Hines & Edwards Garage in Somerset. Appellant also sold to appellee all his right

to receive and sell new Packard automobiles, parts and products. The consideration, $3,900, was paid in full. However, the contract contained the following provision: "As a part of this agreement and for the consideration as aforesaid, first party agrees to refund to second party the sum of $1,500.00 on condition that second party is not the regularly franchised automotive sales and service agents of Packard Motor Company for Pulaski and adjoining counties in Kentucky, within six months from the date of this Agreement."

In his answer the appellant stated at the time of the sale to Whitley City Sales, Inc., he (the appellant) was "and for a considerable time previous thereto * * * the duly authorized sales and service agent of the Packard Motor Car Company for Pulaski County and adjoining counties in Kentucky," that he displayed Packard signs on the place to that effect, that the appellee removed the Packard signs and installed signs advertising Willys automobiles, and thereby abandoned and lost the Packard agency. The appellee had had the Willys agency before it purchased the business of the appellant.

■ The evidence discloses that the appellee, Whitley City Sales, Inc., had the full co-operation of the appellant who permitted the use of his name, stationery and post office box in its correspondence with the Packard Motor Company. On at least one occasion the appellant accompanied a representative of the appellee to Cincinnati to ascertain from the Packard zone representative why they shipped no Packard automobiles to the appellee for sale in the Somerset market. While the appellant admitted that he was the recipient of letters and mail from the Packard Company after he had sold the business to the appellee, he denied that he knew about a letter of July 8, 1947, from the district manager of Packard addressed to the Hines & Edwards Motor Company notifying them that Packard would not renew its agency contract unless its former agent's accounting system was revamped and other changes made. In fact, it was shown that the agency contract between Packard and the appellant

expressly stated it would "automatically terminate without notice on March 31, 1947," which was over a month before the appellant sold the business to the appellee. The appellant insists that the contract was extended beyond this date and was in effect at the time of the sale to the appellee, but he could produce no writing to that effect. The district manager of Packard at Cincinnati testified by deposition on February 15, 1950, that appellant's contract with Packard expired on March 31, 1947, and supported the statement with his office records, but the appellant objected to the reading of this deposition to the jury upon the ground that it was hearsay evidence because the deponent had not been in charge of the office at the time the data was accumulated in Packard's files.

We believe the trial judge properly permitted the deposition to be read to the jury. The source of the information appeared trustworthy, for Packard had no direct interest in this litigation. When the appellant was vague about the terms of his contract with Packard, was there any better place to get information about it than from the other party to that contract, namely, Packard? Packard said the contract expired March 31, 1947, a month before the appellant's sale to the appellee, and that it was not extended. The individual witness who gave his deposition to this effect used his office files as the source of his information, and, although he had not personally compiled the data in the files, the trial judge was justified in concluding that the data had been accumulated in the normal course of business and hence was admissible where relevant. 32 C.J.S., Evidence, § 703, page 604; Rule 515 A.L.I. Model Code of Evidence; Baskett, Nichols and Norment v. Rudy, 186 Ky. 208, 217 S.W. 112; Carter v. Vine Grove State Bank, 236 Ky. 191, 32 S.W.2d 973.

■■ The appellant also contends that he should have been permitted to amend his answer at the conclusion of the testimony to assert, in effect, that the appellee would have gotten the Packard agency if it had installed an adequate accounting system and service department as required by

Packard's letter of July 8, 1947, and had not insisted on selling Willys products too. We believe there is nothing in the record to justify such an amendment, and that it would not have been "in furtherance of justice" to permit it. Civil Code of Practice, Section 134. As a practical matter, it is altogether probable that the jury considered the appellee's evidence in this light in reaching its general verdict, and, as a consequence, the appellant suffered no injustice when the trial judge refused to permit the belated amendment.

 The appellant also claims that there was an improper argument made by appellee's counsel. In appellee's closing argument, counsel exhibited to the jury a booklet about which he had previously interrogated the appellant but which had not been officially introduced in evidence. He stated, "You can see where the contract was glued to this page and where it was torn by Ellis Edwards." It is argued that such reference was not only improper because the booklet had not been officially admitted in evidence, but that it was inflammatory and prejudicial. It was pointed out by appellee that reference had been made to the booklet during the trial.

In Jones v. Driver, 282 Ky. 82, 137 S.W. 2d 729, 731, we were faced with a similar problem concerning the remarks of counsel concerning a deed which had not been officially admitted in evidence, but about which counsel made remarks. This court said: "We are unable to agree with appellants that this deed cannot be considered as part of the record because it was never formally offered in evidence. Several of the witnesses were shown the deed and testified concerning it, and we have held that where a deed was read to the jury by a witness this amounts to its introduction in evidence, Kentucky Coal Lands Co. v. [J. D.] Hughes Lumber Co., 187 Ky. 354, 218 S.W. 1024. In the recent case of Shelton v. Com., 280 Ky. 713, [733] 134 S.W.2d 653, it was written that where witnesses were shown a coat of defendant which they identified in the presence of the jury as belonging to defendant, the coat was introduced in evidence. In Dean v. Eastern Shore Trust Co., 159 Md. 213, 150 A. 797, it was said that to require a check to be formally introduced in evidence, after a witness had testified concerning the check while holding it in his hand in the presence of the jury, would be a species of judicial ritualism."

We conclude that the rule as stated in the Jones case is applicable here.

The judgment is affirmed.