WATERS v. SEABOARD AIR LINE R. R. CO.

No. 10340.

Circuit Court, Broward County.

October 23, 1959.

Kenneth A. Bryant, Fort Lauderdale, for plaintiff.

Ross & Norman, Fort Lauderdale, for defendant.

JAMES H. WALDEN, Circuit Judge.

*Order:* This cause was duly presented upon the following motions —(a) plaintiff's motion for summary judgment; (b) defendant's motion for summary judgment; and (c) defendant's motion in opposition to plaintiff's motion for summary judgment.

The voluminous pleadings, exhibits, depositions, affidavits and all other proper matters of record, together with the excellent advices of counsel, have been considered.

This is a breach of contract action which has been brought to issue upon count one of plaintiff's first amended complaint, and defendant's answer thereto, as amended.

Plaintiff was employed as a freight agent by defendant railroad in its freight depot at Dania, Florida. Plaintiff was a member of a labor union known as the Order of Railroad Telegraphers, which union had a contract with the defendant railroad. Plaintiff sues upon this contract as a third party beneficiary because of his alleged wrongful discharge by the defendant on April 22, 1955, and demands damages of $400,000.

Defendant denies that plaintiff was wrongfully discharged and says plaintiff was discharged for good cause pursuant to the provisions of the contract. Defendant affirmatively says that plaintiff has failed to exhaust his administrative remedies and that he is barred from recovery because he failed to sue within the contractual time limitations.

The complex record has been carefully examined and while there are certain conflicts and issues they concern only immaterial facts. There is no genuine issue as to any material fact and the questions involved are matters of law arising out of the construction of the contract, which are matters lying within in the court's province. What will constitute breach of contract is a matter of law for the court, but whether that which would constitute such breach has occurred is a matter of fact for the jury. Winter Garden Citrus Growers' Assn. v. Willits (Fla.), 151 So. 509; Haiman v. Gundersheimer (Fla.), 177 So. 199.

Based upon the admitted and uncontroverted material facts, and a review of the applicable authorities, this court determines as a matter of law that—

1. Defendant did not breach its contract so as to give plaintiff a cause of action for that plaintiff was guilty of violating certain rules, namely, Rule 703 (Insubordination), Rule 704 (Causing loss of good will to the railroad from a customer), and Rule 1010 (Failure to obey specific rules and special instructions issued by his immediate superior). Therefore, plaintiff was properly discharged in accordance with the contractual provisions and he has no legal cause for complaint.

2. The order of his superior which plaintiff refused to obey was lawful and proper, and it was not plaintiff's privilege or right to question its propriety and demand that he be satisfied on all counts as a condition precedent to his performance.

3. The contract sued upon by plaintiff provides a grievance procedure which, in short, requires plaintiff to appeal the final decision of the railroad to the National Railroad Adjustment Board as a prerequisite to filing his suit in the courts. Plaintiff

failed to do this and hence his suit is barred because he failed to exhaust his administrative remedies.

4. The contract sued upon provides a nine months period of limitations during which time the employee must file his action. Plaintiff failed to observe this requirement in that the present action was filed more than nine months following the final decision of the railroad. Therefore, this action for wrongful discharge is barred.

In summary, plaintiff seeks to make use of the benefits provided by the contract for that absent the contract he would have no cause of action for wrongful discharge. Plaintiff, however, has not complied with all the duties and requirements imposed upon him by the terms of the agreement. To the contrary, the uncontroverted facts show that he has refused to abide by its terms. The law will not permit him to accept such benefits while spurning the obligations and limitations it imposes.

All circumstances considered, defendant is entitled to judgment as a matter of law. It is therefore ordered and adjudged as follows —(1) Defendant's motion for summary judgment is hereby granted, (2) Plaintiff's motion for summary judgment is hereby denied.

*Final judgment:* In consideration of the court's order dated October 23, 1959 granting defendant's motion for summary judgment, it is considered, ordered and adjudged that the plaintiff, Darwin K. Waters, take nothing by his plaint; that the defendant, Seaboard Air Line Railroad Company, go hence without day, and that said defendant do have and recover of said plaintiff its costs.