JOHNSON, Judge.
Appellants, defendants below, appeal to this court from a directed verdict entered by the trial court in favor of the plaintiff below.
A contract for the sale of a motel was entered into between the defendants as seller and the plaintiff as buyer. It is undisputed between the parties that the defendant did not deliver the abstract on the date as called for by the contract. Defendant testified that at various times subsequent to the date the abstract was to be delivered, the plaintiff, by her attorney, “inquired politely” concerning the matter of non-delivery of the abstract. Defendants’ contention is that the date set for delivery of the abstract in the contract was waived since plaintiff did not elect to rescind on that date and did not make an affirmative demand for the abstract after the default occurred. After hearing all the testimony in this cause, the trial judge granted plaintiff’s motion for directed verdict.
April 22, 1963, plaintiff’s counsel wrote the defendants inquiring about the delivery of the abstract and reminding the defendants of the terms of the contract calling for delivery of the abstract within ten days-
Plaintiff properly exercised her right to rescind by letter dated May 20, 1963, even though she had for about a month and a half engaged in forbearance to allow defendant to fulfill his contractual obligation. This forbearance did not amount to a waiver and did not serve to extinguish the right of plaintiff to thereafter rescind for failure of defendants to comply with the contract. 7 Fla.Jur. Contracts § 180.
We find no error in the trial court’s action granting a directed verdict for plaintiff and therefore, the judgment is
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.