HENDRY, Judge.
The two appellants were defendants below in a consolidated law suit brought by appellee, Roslyn Gateman. Her suit against both appellants arose from a series of transactions which, according to the theory underlying her causes of action, constituted tortious interference with her contractual relations. At the conclusion of the trial, the jury found its verdict in favor of the appellee and against the corporate appellant, Jonat Properties, Inc. in the amount of $10,314.50; the jury also returned its verdict in favor of the ap-pellee and against the appellant, Krefetz, in the amount of $4,100.00. Although the instruction as to damages provided for compensatory and punitive awards, both verdicts included only compensatory damages and expressly did not assess punitive damages against either defendant.
In October, 1956, appellant Krefetz loaned to appellant, Jonat Properties, Inc. the sum of I^OOO.OO.[1] A promissory note was executed between the parties which was payable in ten years, with interest at 6% per annum. Then, on October 16, 1957, Krefetz sold to David Gateman, former husband of the appellee, a one-half interest in the 1956 loan. The parties prepared a written agreement evidencing such sale, which provided that “The note becomes due and payable ten years after the date thereof, [i. e., October 16, 1966].” The written agreement also provided that Krefetz would notify the maker of the note, Jonat Properties, Inc., “that all payments of interest and principle on said note * * * shall be paid one-half to Gate-man and one-half to Krefetz.”
Pursuant to the covenants set forth above, on March 23, 1958, Krefetz gave written notice to the maker of the note, Jonat Properties, Inc., that “one-half of any interest and principle payment of said note * * * is to be paid to Dr. Gate-man and the other half to me.” This notification was done by letter.
Some time thereafter, appellee sued her husband, David Gateman, for divorce, joining Krefetz and Jonat Properties, Inc. *705 as defendants in that law suit. On July 9, 1963, the Circuit Court of Dade County entered its final decree of divorce in which it awarded lump sum alimony to plaintiff, Roslyn Gateman. That alimony award included “all monies due and owing from defendants Jonat Properties, Inc. and Joseph Krefetz to defendant David Gateman.” and ordered Jonat Properties, Inc. and Joseph Krefetz to execute and deliver to plaintiff “written evidence that all the indebtedness heretofore owed to them, or either of them to defendant, David H. Gateman * * * is, to the extent of the present unpaid balance thereof, now owing to said plaintiff.”
The next relevant transaction concerned with this appeal was the execution of a written agreement, made and entered into on August 17, 1966, between Krefetz and Jonat Properties, Inc. According to this written agreement, the parties purported to extend the maturity date of the promissory note for an additional five years from the original date of October 16, 1966. The appellee was not a party to such extension agreement. Shortly thereafter, on October 16, 1966, the $12,000.00 plus 6% interest provided for in the note fell due and appellee demanded payment. When such payment was not made, the two law suits filed below, consolidated here, ensued.
The defendants admitted the occurrences of the transaction described above, and affirmatively defended the act of non-payment of the note by relying upon the extension agreement that they had entered into on August 17, 1966. Moreover, at trial the appellants contended that payment was conditional even in the absence of the extension, and that the conditions had not occurred. The case went to the jury and they returned their verdict as described above.
The appellants have set forth three major points on appeal. The first of these contends that it was error for the court to permit the appellee to maintain this action on the promissory note because she was not a real party in interest and, as such, falls within the provisions restricting her from bringing an action on the note, as set forth in § 674.35 Fla.Stats. F.S.A. (1965). This argument is without merit, as Gateman predicated her cause of action not on the note and the attendant restrictions as enumerated in Florida’s law of negotiable instruments, but upon the rights bestowed by the chancellor in his final decree of divorce wherein jurisdiction had been taken over the appellants.
 The appellant’s next point on appeal relates to the award of punitive damages. Stated simply, that point on appeal raises the issue of whether sufficient evidence was adduced to allow the court to submit this issue to the jury. We view the record as demonstrating ample evidence to sustain such a charge. And, as was pointed out in the case of Doral Country Club, Inc. v. Lindgren Plumbing Company, Fla.App.1965, 175 So.2d 570, 571:
“If there is any evidence tending to show that punitive damages could be properly inflicted, even if the court be of the opinion that the preponderance of the evidence is the other way, the court should leave the question to the jury.”
We therefore view the instruction as it related to compensatory and punitive damages to have been correct. The jury, in its finding, specifically declined to find the malice which would underlie an award of punitive damages. Moreover, the record contains adequate evidence to support the jury’s assessments of the compensatory damages.
The appellant Jonat Properties, Inc. raises its final point on appeal by asserting that the evidence adduced at trial conclusively showed that a certain condition precedent, i. e., liquidity of the corporation at the time the note matured, was *706 demonstrated. Moreover, it is the appellant’s position that evidence was also adduced to show that said condition precedent had not occurred, i. e., that the corporation was not liquid on October 16, 1966, and therefore, that the note was not payable when demand was made. However, the record indicates that the evidence which the appellant offered as tending to show existence of the condition precedent was merely testimony relating to conversations between Krefetz and Dr. David Gateman. Such testimony tended to contradict the written terms of the note. The general rule relating to the inadmissibility of parol evidence in situations such as this was well stated in the case of Rothstein v. Forty-five, Twenty-five, Inc., Fla.App.1962, 145 So.2d 565:
“We find that the law of our state amply supports the plaintiff’s position that where conditions of payment are clearly set forth in a note, parol evidence of a different agreement, made at the time of the execution of the note, is inadmissible.”
See also, Rivers v. Brown, 62 Fla. 258, 56 So. 553. However, even in the face of the settled law as stated above, the trial court allowed the appellants to introduce parol testimony which they offered to show that the note would not be paid until Jonat Properties, Inc. had sold certain property and was in a liquid position. Nevertheless, the jury assessed the weight of this evidence, taking into consideration all testimony, and still found that the note' had indeed matured and was owing to the appellee. Thus, this final point on appeal is of no merit.
We have examined appellants’ argument relating to the award of attorney fees and found it to be without merit.
Therefore, based on the foregoing reasons and principles of law, we must hereby affirm the jury’s verdict in both causes.
Affirmed.

. At all times relevant to this case, Krefetz was a stockholder and officer of Jonat Properties, Inc.