375 So.2d 333 (1979)
John L. GREER and Leroy Jolley, Appellants,
v.
Daniel WILLIAMS, Appellee.
No. 78-1440.
District Court of Appeal of Florida, Third District.
July 24, 1979.
Rehearing Denied September 10, 1979.
*334 Jepeway & Jepeway and Louis M. Jepeway, August, Gassen, Pohlig & Milstein, Miami, for appellants.
Richard C. Carter, Miami, for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
This is an appeal from a final judgment based on a jury verdict for compensatory and punitive damages in a breach of contract action involving the sale of a racehorse. The evidence in this record, although conflicting, was sufficient to establish that the defendants John L. Greer and Leroy Jolley breached an oral contract to sell a racehorse to the plaintiff Daniel Williams by refusing to accept return of the racehorse after delivery thereof and to refund the purchase price after the defendants' veterinarian had examined the racehorse and found bone chips in the horse's knee. The award of compensatory damages for breach of contract in the amount of $13,554 is, accordingly, affirmed. Haiman v. Gundersheimer, 130 Fla. 109, 177 So. 199 (1937); Winter Garden Citrus Growers Ass'n v. Willits, 113 Fla. 131, 151 So. 509 (1933); Gulf American Land Corp. v. Wain, 166 So.2d 763 (Fla. 3d DCA 1964).
We are unable, however, to affirm the punitive damages award. As a general rule punitive damages are not recoverable for a breach of contract irrespective of the motive of the defendant. Only where the acts constituting a breach of contract also amount to a cause of action in tort, which must be separately pled and proved, can punitive damages be recovered and then only upon a proper showing of malice, moral turpitude, wantonness or outrageousness in the commission of the tort. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957). Our review of the record reveals that the plaintiff neither pled nor proved an independent tort for fraud or deceit in this case, and, consequently, the punitive damages award of $10,000 must be reversed. American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975).
Affirmed as to the compensatory damage award; reversed as to the punitive damage award.