396 So.2d 1161 (1981)
AUSTIN'S RACK, INC., Appellant,
v.
Jack AUSTIN, Appellee.
No. 80-993.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 6, 1981.
*1162 Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and David L. Ross, Miami, for appellant.
Joseph S. Paglino, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The employment agreement between the parties gave to Austin's Rack, Inc. the right to terminate the employment of its employee, Austin, for cause or for certain specified derelictions, one of which was Austin's making false warranties or representations when he sold Austin's Rack, Inc. to its new owners. Austin was terminated, and he brought suit for damages and other relief, alleging that the company wrongfully breached the employment agreement.
At the non-jury trial, it was indisputably shown that at the time of the sale of the company, Austin warranted as true and correct a financial statement of the company, which included accounts receivable known by Austin to be illusory and excluded accounts payable known by Austin to exist. This increase of assets and decrease of liabilities made the company's worth on paper nearly $100,000 more than its actual worth, and, under the circumstances of this case, including the modest size of the company, necessarily constituted a material and significant misrepresentation in the financial statement.
The trial court entered judgment in favor of Jack Austin upon findings that the company "did not have good cause to terminate the Employment Agreement" and that there was "no justification on the part of the Defendant to justify a termination of the contract" [sic]. We reverse and remand with directions to enter judgment for Austin's Rack, Inc.
Parties to an employment agreement are free to contract with one another that the employee may be terminated for the commission of a specific act; see Haiman v. Gundersheimer, 130 Fla. 109, 177 So. 199 (1937); Placet, Inc. v. Ashton, 368 So.2d 404 (Fla.3d DCA 1979),[1] and courts are not *1163 authorized to substitute their judgment for that of the parties and rewrite the agreement. Home Development Co. of St. Petersburg, Inc. v. Bursani, 178 So.2d 113 (Fla. 1965); International Expositions, Inc. v. City of Miami Beach, 274 So.2d 29 (Fla.3d DCA 1973); Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla.2d DCA 1963). The inclusion of a provision that the employee may be terminated on the general ground of "good cause" does not qualify the clear and unambiguous right of the employer to discharge the employee for the breach of a more specific provision. Thus, the trial court's finding that "good cause" for the firing of Austin was not established, even if arguably supported by the evidence, is, at most, a determination that the firing of Austin on that ground was unjustified. If, however, the finding that the company did not have good cause or the finding that the firing was "unjustified" was intended by the trial court to include a determination that Austin did not make false warranties and representations, then such a finding was contrary to the manifest weight of the uncontradicted evidence and cannot stand. Lee Construction Corp. v. Newman, 143 So.2d 222 (Fla.3d DCA 1962); McLendon v. Davis, 131 So.2d 765 (Fla.3d DCA 1961); Caranci v. Miami Glass and Engineering Co., 99 So.2d 252 (Fla.3d DCA 1957). Moreover, the fact that the employer did not immediately exercise its right to discharge Austin when it learned that he had made some false representations concerning the financial condition of the company (which, although not a basis for the trial court's ruling, is said here to support the judgment) does not change our view, since, as a matter of law, the company cannot be said to have ratified Austin's breach when its decision to discharge Austin indisputably and justifiably depended on the magnitude and certainty of the false representations of which it did not become fully cognizant until shortly before it terminated Austin. See Durr v. Clear Lake Park Co., 205 Iowa 279, 218 N.W. 54 (1928); Daniels v. Boston & Maine Railroad Co., 184 Mass. 337, 68 N.E. 337 (1903); Hill Cattle Corporation v. Killorn, 79 Mont. 327, 256 P. 497 (1927); Jerome v. Queen City Cycle Co., 163 N.Y. 351, 57 N.E. 485 (1900); Johnson v. E. Van Winkle Gin & Machine Works, 130 N.C. 441, 41 S.E. 882 (1902); Spotswood Arms Corporation v. Este, 147 Va. 1047, 133 S.E. 570 (1926); Gordon v. Dickinson, 100 W. Va. 490, 130 S.E. 650 (1925); Williston on Contracts § 725 (3d Ed. 1961) (condonation of one breach of contract, which would afford a ground for employee's discharge, does not prevent the employer from considering the employee's entire record when a further breach has been committed); Restatement (Second) of Agency § 409(2) (1958) (where agent commits subsequent breaches of duty, a principal is not prevented from electing to treat initial breach as cause for discharge). See also Ehringer v. Gross, 182 So.2d 460 (Fla.1st DCA 1966). Compare Bernecker v. Bernecker, 60 So.2d 399 (Fla. 1952).
In light of our conclusion that Austin may not recover compensation for the unexpired term of the employment agreement, it is unnecessary to consider the company's further point that the trial court failed to offset sums earned by Austin from employment since his discharge against amounts due him under the agreement, see, e.g., Reed Construction Corporation v. Zimmerman, 133 So.2d 579 (Fla.3d DCA 1961).
Reversed and remanded with directions to enter judgment for Austin's Rack, Inc.
NOTES
[1] In Haiman, the court, reversing a judgment for the employee, held that it was not up to the jury to determine whether the failure of the employee to make reports in the manner and form required by the employment agreement would constitute a breach of the agreement warranting the discharge of the employee. That report-making requirement was, as a matter of law, reasonable, and the jury's function was only to determine whether the reports were made. Similarly, in the present case, it was not the fact-finder's function to determine if the making of false warranties or representations (as a matter of law, a reasonable requirement for the company to have imposed) constituted good cause, but rather to determine whether false warranties or representations were made. Obversely, in Placet, this court implicitly recognized the separateness of grounds for discharge by holding that where the agreement provided for termination only upon the ground of failure to attend to regular duties for a period of thirty days, the employer could not terminate for general unsatisfactory performance.