489 So.2d 1152 (1986)
TELESPHERE INTERNATIONAL, INC., Appellant,
v.
Douglas SCOLLIN, Appellee.
No. 85-1393.
District Court of Appeal of Florida, Third District.
May 6, 1986.
Rehearing Denied June 25, 1986.
Mershon, Sawyer, Johnston, Dunwody & Cole and Robert T. Wright, Jr. and Alan P. Dagen, Miami, and Michael King, for appellant.
Robert L. Koeppel, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Scollin sued his former employer, Telesphere International, Inc., on the theories that it breached their employment agreement and that it had fraudulently induced *1153 him to enter into it. After the trial judge directed a verdict against him on the fraud count, the jury returned a verdict in his favor on the contract claim. We find merit both in Telesphere's argument in its appeal from the resulting final judgment that it was not in breach of contract as a matter of law and in Scollin's contention on cross-appeal that his fraud claim presented a jury question.

I
On October 27, 1981, Scollin was employed by Telesphere as its "Director of International Operations" specifically to market overseas a projected hotel call accounting system  known internally as the Microtel 1000/2  which the company was then attempting to develop. The letter agreement which the parties executed provided that Scollin's employment was subject to termination, among other reasons, "for cause." The record shows without dispute that, because of technical difficulties, the development of the Microtel 1000/2 did not proceed satisfactorily and that as a result Telesphere determined to and did entirely abandon the project and made no further efforts to perfect or market the proposed system. Consequently, Scollin's position was eliminated and he was discharged.
We think it clear that Telesphere's bona fide decision to eliminate the portion of its business for which Scollin was expressly employed constitutes abundant "cause" for his discharge under the agreement of the parties. See Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391 (9th Cir.1985) (employee is not "dismissed without good cause" under California law which implies such term in every employment contract when job is abolished as part of an economically required reduction in force); Clutterham v. Coachmen Industries, Inc., 169 Cal. App.3d 1223, 215 Cal. Rptr. 795 (1985) (same holding as to corporate judgment to reorganize and eliminate plaintiff's position); Sherriff v. Revel, Inc., 165 Cal. App.3d 297, 211 Cal. Rptr. 465 (1985) (same); see also William S. Gray & Co. v. Western Borax Co., 99 F.2d 239 (9th Cir.1938) (employer's good faith cessation of borax production not breach of ten year agreement for employment of plaintiff as borax sales agent); G & M Employment Service, Inc. v. Commonwealth, 358 Mass. 430, 265 N.E.2d 476, 480 (1970) (discharge for "just cause" under statute regulating employment agencies includes "grounds for discharge reasonably related, in the employer's honest judgment, to the needs of his business. Discharge for a `just cause' is to be contrasted with discharge on unreasonable grounds or arbitrarily, capriciously, or in bad faith."), appeal dismissed, 402 U.S. 968, 91 S.Ct. 1662, 29 L.Ed.2d 133 (1971). See generally Fries v. Pennsylvania R. Co., 195 F.2d 445 (7th Cir.1952). For this reason, Telesphere cannot be held to have breached the employment agreement by discharging the plaintiff, and its motions for directed verdict on this claim should therefore have been granted.[1] See also Haiman v. Gundersheimer, 130 Fla. 109, 177 So. 199 (1937); Austin's Rack, Inc. v. Austin, 396 So.2d 1161 (Fla. 3d DCA 1981), pet. for review denied, 402 So.2d 607 (Fla. 1981).

II
The trial court made the opposite error in granting Telesphere's motion for directed verdict as to the fraud count at the end of the plaintiff's case. On this point, Scollin contended that Telesphere, through its principal, Casey, had fraudulently induced him to join Telesphere by deliberately failing to inform him, before the employment agreement was entered into, that Casey was then aware both of the real potentiality that the Microtel system would fail and that, if this indeed occurred, Scollin would be discharged. In fact, the plaintiff testified that Casey had, in so many words, *1154 admitted that this was the case. Scollin said on the stand:
Mr. Casey said, "Doug, before I signed that contract I knew that there might be problems with the product in the development. And knew that if we had problems, I'd have to fire you."
I said, "Dennis, why didn't you tell me before I got into this? Before I signed the contract. Why didn't you put it in the contract?"
He said, "I knew that if I told you or that if I put it in the contract, you wouldn't sign the contract, you wouldn't join Telesphere."
We think that this testimony[2] is alone sufficient to demonstrate each of the required elements of an actionable fraudulent concealment so as to require the submission of that question to the jury. See generally 27 Fla.Jur.2d Fraud and Deceit §§ 36-40 (1981). Thus, viewed in the required light most favorable to Scollin,[3] the record demonstrates that:
(a) Telesphere deliberately, and in order to deceive Scollin, see Wilson v. Lott, 5 Fla. 305 (1853); White v. Walker, 5 Fla. 478 (1854), failed to inform him both of the potential difficulties of developing the system and of its own then-existing intention to terminate him if the adversities actually came to pass. See Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42 (Fla. 3d DCA 1970); Bissett v. Ply-Gem Industries, Inc., 533 F.2d 142 (5th Cir.1976). See generally W. Prosser & W. Keeton, The Law of Torts § 109 Prediction and Intention (5th ed. 1984).
(b) At the time, Telesphere had knowledge superior to Scollin's about these matters and therefore  or so a jury could find  had a duty to reveal them. Ramel v. Chasebrook Construction Co., 135 So.2d 876 (Fla. 2d DCA 1961); 27 Fla.Jur.2d Fraud and Deceit § 38 ("The nondisclosure of a material fact by one party to a transaction may be deemed fraudulent where the other party does not have equal opportunity to become apprised of the fact."). See generally Prosser, supra § 106 Nondisclosure.

(c) Since  as Scollin testified and Casey allegedly admitted he knew  Scollin would not have gone with the company if he had known about it, the concealed information was obviously material to the transaction. Morris v. Ingraffia, 154 Fla. 432, 18 So.2d 1 (1944); 27 Fla.Jur.2d Fraud and Deceit § 37.
Two decisions from other jurisdictions have determined that a viable action for fraud arises from facts very similar to these. In Elizaga v. Kaiser Foundation Hospitals, Inc., 259 Or. 542, 487 P.2d 870 (1971), the defendant hospital offered the plaintiff physician a surgical preceptorship beginning July 1, 1969, even though it knew that the position would probably not be renewed after June 30, 1969; the court held that the defendant could be liable for its failure to disclose its knowledge of the circumstances stating that "[i]n order to avoid misleading plaintiff, defendant was under a duty to disclose the fact that the Board of Examiners might well terminate the program." 487 P.2d at 873. Similarly, in Wildes v. Pens Unlimited Co., 389 A.2d 837 (Me. 1978), the court held that the defendant could be held liable in fraud for persuading the plaintiff to resign his existing job to become a full time salesman without informing him of the likelihood of a corporation reorganization which might, and in fact did, result in his losing his sales territory. We agree with these authorities, which are in accordance with the law of Florida on this point, and find them directly applicable to the case at bar. Accordingly, the plaintiff is entitled to jury consideration *1155 of his claim for compensatory and punitive[4] damages based on fraud.

III
In summary, we find that Telesphere had the absolute right to terminate Scollin under the terms of the agreement but may have been guilty of fraudulently inducing him to enter into it by deliberately concealing the known possibility that the discharge would in fact occur. We therefore reverse the judgment and remand for the trial court to dismiss the breach of employment contract claim with prejudice and to conduct a new trial on the fraud issue alone.
Reversed and remanded with directions.
NOTES
[1] The basis of our holding makes it unnecessary to consider either Telesphere's arguments that the discharge was also justified on other grounds, or its various contentions of alleged errors in the proceedings below.
[2] The existence of contrary testimony is of course irrelevant to the consideration of the propriety of a directed verdict, which may not be granted if there is any evidence to support the position of the party moved against. The resolution of any conflicts in the evidence is for the jury.
[3] See supra note 2; Gravette v. Turner, 77 Fla. 311, 81 So. 476 (1919).
[4] See Tinker v. De Maria Porsche Audi, Inc., 459 So.2d 487 (Fla. 3d DCA 1984), pet. for review denied, 471 So.2d 43 (Fla. 1985); Jonat Properties, Inc. v. Gateman, 226 So.2d 703 (Fla. 3d DCA 1969), cert. denied, 234 So.2d 123 (Fla. 1969).