PER CURIAM.
The plaintiffs in this medical malpractice case appeal from a jury verdict finding for the defendant obstetrician.
As a result of complications arising during her delivery, Vanessa Dunne was born with brachial plexus palsy. The defense expert conceded that Vanessa’s injury was a result of Dr. Somoano’s acts during birth. The issue at trial was whether Dr. Somoa-no’s actions fell below the standard of care in the community for physicians of his specialty.
Dr. Somoano’s testimony was conflicting. When called as an adverse witness by the plaintiffs, the doctor responded to leading questions on direct examination by admitting that he applied pressure to the baby’s head and tried to turn the head in an attempt to rotate the infant’s shoulders after realizing that the complication known as shoulder dystocia was present. Expert witnesses for both the plaintiffs and the defendant testified that applying pressure to a baby’s head to turn it, when shoulder dystocia is present, may cause nerve damage and constitutes negligence. On cross-examination by defense counsel, and contrary to his testimony on direct examination, Dr. Somoano testified that upon discovering that the baby had shoulder dystocia he enlarged the episiotomy, placed his hands behind the baby’s armpits, and attempted to rotate the child — an indisputably non-negligent act. There was evidence that the palsy could have been caused by actions of the physician during the complicated delivery other than a negligent act.
Where there is testimony at trial to support a jury verdict that the defendant’s conduct did not fall below the standard of care in the community, the court is correct in refusing to direct a verdict, Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940 (Fla. 3d DCA 1987) (directed verdict proper only where record conclusively shows absence of facts or inferences from facts to support a jury verdict), rev. denied, 511 So.2d 299 (Fla.1987); Telesphere Int’l, Inc. v. Scollin, 489 So.2d 1152 (Fla. 3d DCA 1986) (directed verdict may not be granted if there is any evidence to support the position of the party moved against), or grant a new trial. Martin v. Stone, 51 So.2d 33 (Fla.1951) (disputes and conflicts in testimony are jury questions and if evidence appears in the record to support verdict rendered, trial court is without authority to substitute its conclusions); Nunberg v. Brodsky, 224 So.2d 727 (Fla. 3d DCA 1969) (where evidence is conflicting and *7 verdict is not manifestly against weight of evidence, court may not interfere).
Affirmed.